**Freddie FRANKLIN, Plaintiff,**

v.

**CITY OF CHICAGO, et al., Defendants.**

**No. 82 C 3652.**

United States District Court,
N.D. Illinois, E.D.

Sept. 11, 1984.

Harvey M. Grossman, Roger Baldwin Foundation of ACLU, Inc., Chicago, Ill., for plaintiff.

James D. Montgomery, Corp. Counsel, City of Chicago, by Thomas G. Morrissey, Darka Papushkewych, Asst. Corp. Counsel, Chicago, Ill., for defendants.

## ORDER

BUA, District Judge.

This order concerns the plaintiff's motion pursuant to Fed.R.Civ.P. 23(b)(2) for class

## I. BACKGROUND

The plaintiff, Freddie Franklin, brings this action against the City of Chicago and various officers of the Chicago Police Department[1] under 42 U.S.C. § 1983 and the common law of Illinois alleging that he was subjected to various deprivations of his constitutional rights. Among other claims, the plaintiff challenges the defendant City of Chicago's police policy of transporting handcuffed arrestees in all-metal interior squadrols without the use of any restraining devices. The plaintiff asserts that this procedure of the City of Chicago results in an infringement of an arrestee's constitutional rights found in the First, Fourth, Ninth and Fourteenth Amendments to the United States Constitution.

The plaintiff also complains that he was arrested without probable cause, pursuant to a policy of the defendant City of Chicago which allows Chicago police officers to arrest, charge, and detain persons for disorderly conduct with the intention that no charges would be filed and no prosecution would be pursued. He alleges that upon arrest, a squadrol was summoned to transport him, and that upon arrival, the police officers operating the squadrol violently seized him, struck him, and forced him into the squadrol. The plaintiff then alleges that the officers operating the squadrol drove the vehicle in such a manner so as to cause the plaintiff to be thrown violently about the metal floor of the vehicle resulting in severe physical injury to the plaintiff. Finally, the plaintiff alleges that he was left unconscious and bleeding on the floor of the squadrol for an indeterminate period of time and thereafter was taken to the hospital and was again subjected to physical abuse by the police officers who drove the squadrol.[2]

The allegations upon which the plaintiff bases his motion for class certification concerns the use of squadrols to transport arrestees. General Order 78–1, V of the City of Chicago, the plaintiff contends, requires that all arrestees be transported by police squadrol to various detention centers.[3] The plaintiff seeks to certify as a class all persons who have been, are now being, or will be arrested by police officers of the City of Chicago and transported in squadrols maintained by the City of Chicago that are subjected to the following conditions and practices:

a) arrestees are placed in squadrols with their hands handcuffed behind them;

b) arrestees are placed in squadrols which have no devices, including seat belts, which will prevent arrestees from falling or allow arrestees to restrain themselves from being subjected to otherwise injurious movement;

c) arrestees are placed in squadrols, the interiors of which are made entirely of metal and do not have protective padding;

d) arrestees are placed in squadrols in which there is insufficient light to allow

certification and the defendants' motion to dismiss under Fed.R.Civ.P. 12(b)(6). For the reasons stated herein, the plaintiff's motion for class certification is granted and the defendants' motion to dismiss is denied.

---

1. The named defendants include: The City of Chicago, Police Superintendent Richard J. Brzeczek, and police officers Robert C. Miller, Jr., Beverly A. Giles, Harry Brown, Ted Daniels, Clyde A. Gilmore, and John Doe.

2. The plaintiff's amended complaint set forth four counts of charges against various groups of the named defendants. Count I presents the plaintiff's request for declaratory and injunctive relief enjoining the use of presently equipped squadrols maintained by the City of Chicago for arrestee transportation and sets out the plaintiff's request for attorney fees under 42 U.S.C. § 1988. Both Counts I and IV request compensatory and punitive damages for the plaintiff individually for the alleged injuries he suffered during squadrol transportation. Counts II and III refer to the general declaratory and injunctive relief requested by the plaintiff for the class as a whole which is identical to the aforementioned equitable relief sought by the plaintiff individually.

3. General Order 78–1, V of the City of Chicago reads in part: "The arresting officer will request a squadrol as soon as possible ... [and] the arresting officer will turn the arrestee over to the transporting officers .... The arresting officer will then return to regular patrol duty."

police driving the squadrol to ascertain the condition of the arrestee being transported;

e) arrestees are placed in squadrols which do not allow sufficient observation of arrestees by police;

f) police personnel are not required to ride in the same compartment as arrestees so as to insure their safety.

Specifically, the plaintiff claims that the described practices and procedures violate an arrestee's Fourth Amendment right to be free from unreasonable seizure of the person and an arrestee's Ninth and Fourteenth Amendment right to be free from intrusions to his person and to be free from summary punishment. As class relief, the plaintiff seeks (1) a declaration that the complained of practices and conditions are unconstitutional; and (2) an injunction against future utilization of the squadrols and practices currently maintained by the City of Chicago. Individually, the plaintiff seeks identical declaratory and injunctive relief as well as monetary damages.

The defendants' move to dismiss the plaintiff's claims and request for class certification contending that neither the plaintiff nor the putative class have standing to invoke the jurisdiction of the federal courts. Additionally, the defendants present a series of arguments in opposition to the plaintiff's motion for class certification. Before addressing the plaintiff's motion for class certification, this Court will first consider the defendants' motion to dismiss for lack of standing.

## II. DISCUSSION

### A. *The Standing Issue*

 As a threshold matter, any party bringing suit as a class representative must allege an actual case or controversy to establish standing in federal court. *O'Shea v. Littleton*, 414 U.S. 488, 493, 94 S.Ct. 669, 674, 38 L.Ed.2d 674 (1974). To satisfy the requirement imposed by Article III of the United States Constitution, the plaintiff must show that he personally has suffered some actual or threatened injury as a result of the defendants' alleged illegal conduct. *Gladstone Realtors v. Village of Bellwood*, 441 U.S. 91, 99, 99 S.Ct. 1601, 1607, 60 L.Ed.2d 66 (1979). Past exposure to illegal conduct does not alone demonstrate an actual case or controversy. *O'Shea*, 414 U.S. at 495–96, 94 S.Ct. at 675–76. Rather, a plaintiff must show that he is confronted with a real and immediate threat of some direct injury as a result of the challenged conduct. *City of Los Angeles v. Lyons*, 461 U.S. 95, 103 S.Ct. 1660, 1665, 75 L.Ed.2d 675 (1983).

The defendants argue that the holdings in *O'Shea v. Littleton* and *City of Los Angeles v. Lyons* warrant the dismissal of the plaintiff's claims. In *O'Shea*, a class of plaintiffs brought suit against various state judicial officials claiming that the class had been subjected to discriminatory enforcement of the state's criminal code. Noting that specific class members had alleged unconstitutional practices on the part of the defendants, the *O'Shea* court held that "past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief...." *O'Shea*, 414 U.S. at 495–496, 94 S.Ct. at 676. Rather, the Court emphasized that the controlling consideration in determining whether standing exists is the likelihood that the plaintiffs will again be subject to the challenged conduct. *Id.* at 496, 94 S.Ct. at 676. The *O'Shea* court held that the plaintiffs failed to demonstrate a real case or controversy primarily because the plaintiffs could only be subjected to the illegal conduct if they had violated a criminal law. The Court stated that the threat to the plaintiffs was not sufficiently real and immediate to show an existing controversy, since the plaintiffs were expected to conduct their activities in a lawful manner to avoid criminal prosecution.

Upon a cursory review, *O'Shea* may appear identical to the instant case. Yet, *O'Shea* does not dictate dismissal of the plaintiff's claims here. The plaintiffs in *O'Shea* had to be prosecuted and convicted of a criminal offense in order to be effected by the alleged illegal conduct. Plaintiff

Franklin and members of the class he seeks to represent need only be arrested to be subjected to the alleged unconstitutional procedure. Although this Court assumes that Franklin and the class members will conduct themselves in a lawful manner so as to avoid criminal prosecution, defendants do not dispute that persons who are not violating the law are sometimes arrested. Moreover, the plaintiff argues that he and other named individuals had been arrested without probable cause under a policy of the defendant City of Chicago which allowed police to arrest individuals without the intention that charges would be filed or prosecution pursued. Given this difference in circumstances, this Court, even assuming that the plaintiff will conduct himself in a lawful manner, holds that the plaintiff faces a realistic threat of being subjected to an arrest and transportation by a squadrol. Thus, *O'Shea* does not dispose of the plaintiff's claims.

Defendants also argue that the recent United States Supreme Court decision in *City of Los Angeles v. Lyons* mandates dismissal of the plaintiff's claims for lack of standing. In *Lyons,* the plaintiff charged that he had been illegally choked by Los Angeles police officers and that the police in Los Angeles routinely applied choke holds in situations where the officers were confronted by far less than deadly forces. *Lyons,* 461 U.S. at 95, 103 S.Ct. at 1661. The plaintiff's claim for declaratory and injunctive relief against the defendants was dismissed by the Court upon a finding that the plaintiff lacked standing. Although plaintiff Lyons alleged that he faced a real and immediate threat of again being illegally choked by the defendants, the Court held that the plaintiff's allegation rested on speculative and conjectural grounds. *Id.* at 110, 103 S.Ct. at 1669. The Court ruled that Lyons could only obtain standing by alleging that he would have another encounter with the defendant police department and making the incredible assertion that either (1) "all police officers in Los Angeles always choke any citi-

zen with whom they happen to have an encounter, or (2) the City ordered or authorized police officers to act in such a manner." *Id.* at 106, 103 S.Ct. at 1667. The plaintiff in *Lyons,* however, was unable to meet this standard for standing.

■ Relating the *Lyon's* reasoning to the case before this Court, little doubt exists that the plaintiff has standing to seek equitable relief. Plaintiff Franklin not only alleges that he is likely to suffer future arrest by police officers, but that the City of Chicago authorizes police to transport every arrestee by squadrol to a detention center.

As General Order 78–1, V unequivocally requires arresting officers to transport all arrestees by squadrol,[4] no discretion is delegated to police officers with regard to this procedure. Conversely, the challenged police procedure of applying a choke hold to subdue a resisting arrestee in *Lyons* clearly involves the use of discretion on the part of police. Thus, the allegation that an arrestee will always be transported by squadrol is not an unbelievable assertion. Rather, the plaintiff's allegation that he and the class members are in danger of sustaining direct physical injury is both "real and immediate." *Lyons,* 461 U.S. at 103, 103 S.Ct. at 1665. The plaintiff has demonstrated a real case or controversy for equitable relief. The defendants' motion to dismiss for lack of standing is denied.

### B. *The Class Certification Issue*

#### 1. *Prerequisites of Rule 23(a)*

■ Before class certification can be granted, a class representative must prove the existence of all the requirements set forth in Fed.R.Civ.P. 23. *Valentino v. Howlett,* 528 F.2d 975, 978 (7th Cir.1976). Failure of the class representative to meet any one of the Rule 23 requirements will result in a denial of certification. *Id.* Initially, the class representative must satisfy the following prerequisites listed in Rule 23(a): (1) the class is so numerous that

---

**4.** *See* note 3 *supra.*

joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. Fed.R.Civ.P. 23(a). The defendants argue that each of the requirements has not been met by the plaintiff. The Court will address these arguments in turn.

### Numerosity

The numerosity requirement of Rule 23(a)(1) is satisfied when the class representative demonstrates that the class is sufficiently large so as to render joinder of all members impracticable. Plaintiff Franklin has submitted uncontested tabulations of arrests within the City of Chicago, which show that in 1982 alone 450,407 persons were arrested. Although the defendants acknowledge that a high number of arrests occur every year, the defendants contend that the plaintiff has not shown that joinder is impracticable.

The defendants attack the plaintiff's motion by contending that the plaintiff's allegation of numerosity is nothing more than "a speculative hypothesis regarding the number of the class members." Citing *Valentino v. Howlett*, 528 F.2d at 978, the defendants argue that "such a conclusory allegation of numerosity does not meet the requirements of 23(a)(1)." In *Valentino*, the plaintiff's motion for class certification stated only that the action was a proper class action on all issues and did not provide the district court with any proof that the class was so numerous that joinder was impracticable. *Id.* at 978. Although the plaintiff in *Valentino*, upon subsequent motion, presented an estimate of the class size, the plaintiff did not offer any official documentation to support his allegation. *Id.* at 979. Thus, the Court refused to grant the plaintiff's motion for class certification.

In contrast to *Valentino*, plaintiff Franklin supports his allegation of numerosity and assertion that the class runs into the hundreds of thousands with an official Chicago Police Department tabulation of arrests indicating that in 1982 over 450,000 persons were arrested. Moreover, the plaintiff has shown that General Order 78–1, V of the City of Chicago requires all arresting police officers to use a squadrol to transport arrestees to detention centers. Little doubt exists that the membership of the proposed class will run into the hundreds of thousands. Although the plaintiff does not offer any exact number of class members, a precise indication of the class size is not required. *Barlow v. Marion County Hospital Dist.*, 88 F.R.D. 619, 625 (M.D.Fla.1980). Where, as here, a class is large in numbers, joinder usually will be impracticable, and thus, the Rule 23(a)(1) requirement is satisfied. *Jordon v. County of Los Angeles*, 669 F.2d 1311, 1319 (9th Cir.1982). *Allen v. Isaac*, 99 F.R.D. 45 (N.D.Ill.1983).

### Commonality

A second prerequisite to certification under Rule 23(a) is the presence of questions of law or fact common to the entire class. Fed.R.Civ.P. 23(a)(2). The plaintiff alleges that this case presents a common question of law, namely, whether the City of Chicago's practice of transporting handcuffed arrestees in all-metal interior squadrols without the use of restraining devices is unconstitutional. Where a question of law refers to a standardized conduct of the defendants toward members of the proposed class, a common nucleus of operative facts is typically presented, and the commonality requirement of Rule 23(a)(2) is usually met. *Katz v. Carte Blanche Corp.*, 52 F.R.D. 510, 514 (W.D.Pa.1971). Although the defendants argue that conditions before and during transportation may differ from arrestee to arrestee, a lack of identical factual situations will not necessarily preclude certification where the class representative has shown sufficient common questions of law among the claims of the class members. *Trecker v. Manning Implement Inc.*, 73 F.R.D. 554, 558 (N.D. Iowa 1976). The legal question of the con-

stitutionality of the defendants' procedure for transporting arrestees is undeniably common to each member of the proposed class. The fact that one arrestee may have been subjected to an assault before transportation or given a harsh ride while in the squadrol is insignificant given the legal question for determination. The plaintiff has shown sufficient commonality to satisfy Rule 23(a)(2).

### Typicality

The third prerequisite of Rule 23(a) requires that the claims or defenses of the representative parties be typical of the claims or defenses of the class. Fed.R. Civ.P. 23(a)(3). The defendants assert that plaintiff Franklin's claim is not typical of the claims of the class since he alleges that he was subjected to other acts which could have caused his injury. Defendants also argue that because some class members may not be injured during squadrol transportation, the plaintiff's claim of injury cannot be typical of the class membership.[5]

Reviewing the plaintiff's allegations, this Court rejects the defendants' arguments. The plaintiff has asserted that his claims arise from a course of conduct which represents a policy and universal practice within the City of Chicago. This allegation fulfills the requirements of Rule 23(a)(3) as it demonstrates that "a course of conduct by defendants exists which presents substantial questions common to all members of the class." *Hochschuler v. G.D. Searle & Co.*, 82 F.R.D. 339, 344 (N.D.Ill.1978). The existence of varying fact situations among individual members of a proposed class does not preclude the granting of class certification on the grounds of lack of typicality as long as the claims of the class representative and other class members are premised on the same remedial or legal theory. *Penn v. San Juan Hospital, Inc.*, 528 F.2d 1181, 1189 (10th Cir.1975). The plaintiff alleges that the procedures and practices complained of deprives his rights,

and those of all similarly situated persons, under the First, Fourth, Ninth and Fourteenth Amendments to the United States Constitution. Thus, the claims of the plaintiff and the class are based on the same legal theory. Similarly, this Court is unable to accept the defendants' alternative argument under Rule 23(a)(3). Although all proposed class members may not incur injury during squadrol transportation, Rule 23 does not require that every class member be aggrieved by the defendants' conduct. *Edmonson v. Simon*, 86 F.R.D. 375, 383 (N.D.Ill.1980). Rather, the typicality requirement of Rule 23 is met where similar conduct on the part of the defendant against all proposed class members is alleged by the class representative. *Kilfoyle v. Heyison*, 417 F.Supp. 239 (W.D.Pa.1976). The typicality requirement has been met.

### Adequacy of Representation

 Rule 23(a) also requires a showing that the named representative will fairly and adequately represent the interests of the proposed class. Fed.R.Civ.P. 23(a)(4). This requirement under Rule 23(a)(4) contemplates that the class representative will undertake a major role in the prosecution of a class action. (*Pettway v. American Cast Iron Pipe Co.*, 576 F.2d 1157, 1177 (5th Cir.1978)), and implicitly refers to both the representative party and counsel when it speaks of adequate protection of class interests. *Brandt v. Owens-Illinois, Inc.*, 62 F.R.D. 160, 166 (S.D.N.Y. 1973). To assume the requirement of adequacy of representation, the plaintiff's attorneys must be qualified and competent to conduct the litigation, and the plaintiff must not have interests antagonistic to those of the remainder of the class. *Susman v. Lincoln American Corp.*, 561 F.2d 86, 90 (7th Cir.1977). In the instant case, no indications exist that the plaintiff's attorneys do not satisfy these requirements nor does the plaintiff appear as though he

---

**5.** Aside from the two aforementioned arguments, the defendant also objects to the certification motion on the issue of typicality based on the contention that the class has not been adequately defined. As this Court has already ruled that the class has been sufficiently defined, no need exists to readdress this argument.

will fail to prosecute this case vigorously.[6] The plaintiff has sufficed the adequacy of representation requirement of Rule 23(a)(4).

### 2. *The Prerequisites of Rule 23(b)*

In addition to satisfying the requirements of Rule 23(a), the plaintiff must demonstrate that the action comes within one of the categories set forth in Rule 23(b). The plaintiff asserts that the class relief sought falls within Rule 23(b)(2), which provides that a class action is appropriate when "the party opposing the class has acted or refused to act on grounds generally applicable to the class thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." The plaintiff has shown, and the defendants admit, that it is the policy of the City of Chicago to transport arrestees by squadrols. The plaintiff has alleged that all of the defendants' squadrols are inherently unsafe and that procedures such as handcuffing arrestees behind their backs are proximate causes of injury. Based on the plaintiff's allegations, it is clear that the party opposing the class has acted on grounds generally applicable to the class of persons arrested and transported in squadrols maintained by the City of Chicago. Moreover, injunctive relief for the class as a whole is appropriate. Thus, the requirements of Rule 23(b)(2) have been met.[7]

### III. CONCLUSION

· The defendants' motion to dismiss for lack of standing is denied and the plaintiff's motion for class certification is granted. Accordingly, this Court certifies under Rule 23(b)(2) the class of all persons who have been, are now being, or will be arrested and transported in squadrols maintained by the City of Chicago.

IT IS SO ORDERED.

---

6. The defendants did raise an argument regarding the adequacy of the plaintiff's representation. However, this argument was premised on the contention that the plaintiff lacked standing. Because this Court has determined that the plaintiff has standing to pursue his cause in federal court, the defendants' arguments need not be addressed.

7. Although the defendants contend that the prerequisites of Rule 23(b)(2) were not established, the defendants' arguments were based on the assumption that the plaintiff lacked standing. As this Court has already ruled on the sufficiency of the plaintiff's standing, the defendants' arguments do not merit discussion.