David JAROSLAWICZ, Plaintiff,

v.

SAFETY KLEEN CORP., Donald W. Brinckman, Laurence M. Rudnick, David A. Dattilo, Burton W. Ericson, Robert J. Burian and Robert W. Willschen, Jr., Defendants.

No. 92 C 8261.

United States District Court, N.D. Illinois, E.D.

Oct. 6, 1993.

Michael Jerry Freed, Much, Shelist, Freed, Denenberg, Ament & Eiger, P.C., Chicago, IL, for plaintiff.

Michael I. Miller, Walter C. Carlson, Bruce M. Zessar, Sidley & Austin, Chicago, IL, for Safety–Kleen.

John R. McCambridge, Gary M. Elden, David E. Schoenfeld, Brooke A. Adams, Grippo & Elden, Chicago, IL, for all other defendants.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

This case comes before the court on plaintiff's Motion for Class Certification. For the reasons outlined below, plaintiff's motion for class certification will be denied.

### I. Background

Defendant Safety–Kleen Corporation is a Wisconsin corporation which provides waste removal services to generators of waste solvents and non-hazardous liquid wastes. On October 23, 1992, plaintiff David Jaroslawicz ("Jaroslawicz") purchased $200 worth of Safety–Kleen common stock at $28.885 per share. Jaroslawicz purchased an additional $200 worth of Safety–Kleen common stock on November 27, 1992 at $30.75 per share. In total, Jaroslawicz purchased approximately 13 and one-half shares of Safety–Kleen common stock during the putative class period.[1]

Plaintiff asserts that defendants, both Safety–Kleen and the individual officers and directors of Safety–Kleen, violated the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b–5, 17 C.F.R. 240.10b–5, by issuing "false and misleading statements concerning the financial performance of [Safety–Kleen] during its 1992 fourth fiscal quarter." Class Action Complaint ¶ 1,7. Plaintiff contends that these statements resulted in the artificial inflation of the price of Safety–Kleen stock, and Safety–Kleen investors who relied on these statements were damaged because the true value of Safety–Kleen stock was sub-stantially less than the investors paid for the stock. Class Action Complaint ¶ 57.

Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, Jaroslawicz has moved to certify the following plaintiff class:

All person [sic] who purchased Safety–Kleen Corp. common stock during the period from October 1, 1992 through December 15, 1992, inclusive, and who were damaged thereby, excluding defendants, members of the individual defendants' families, any entity in which any defendant has a controlling interest or which is a subsidiary of or controlled by defendant [Safety–Kleen], and the officers, directors, employees, affiliates, legal representatives, heirs, predecessors, successors and assigns of any of the defendants.

Plaintiff's Motion for Class Certification, at p. 1. In support of the motion for class certification, Jaroslawicz claims that the class action device is the preferable method of adjudicating this controversy because the class is numerous and because common questions of law and fact predominate over issues solely affecting individual members of the proposed class. Defendants object to class certification primarily on the ground that plaintiff will not adequately represent the class. Each requirement set forth in Rule 23, however, will be discussed in turn.

### II. Discussion

■ Jaroslawicz bears the burden of demonstrating that all four prerequisites of Rule 23(a) are satisfied, as well as one of the three categories of Rule 23(b). *See Trotter v. Klincar,* 748 F.2d 1177, 1184 (7th Cir.1984). To certify a class pursuant to FED.R.CIV.P. 23(a), Jaroslawicz must show that "(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defense of the class, and (4) the representative parties will

---

1. Although Jaroslawicz alleged in his complaint that he purchased 400 *shares* of Safety–Kleen common stock during the putative class period, Class Action Complaint ¶ 10, he subsequently conceded in his deposition that the actual amount of stock he purchased during the puta-tive class period was only $400 worth. Jaroslawicz Deposition, at p. 144. Jaroslawicz's reply memorandum reflects the revised figure. Plaintiff's Reply Memorandum In Support of his Motion for Class Certification, at p. 7.

fairly and adequately protect the interests of the class." FED.R.CIV.P. 23(a). Because Jaroslawicz wishes to certify a class pursuant to Rule 23(b)(3), he must also show that "questions of law or fact common to the members of the class predominate over questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." FED.R.CIV.P. 23(b)(3).

## A. *Numerosity*

■ During the appropriate time period, 4.25 million shares of Safety–Kleen common stock were traded on the New York Stock Exchange. Plaintiff's Memorandum in Support of Class Certification ("Plaintiff's Mem.") at p. 8. Based on this fact, Jaroslawicz asserts that there are "thousands" of members of the class, which satisfies the numerosity requirement. Defendants do not challenge this assertion, and we agree that a class size numbering in the thousands meets the numerosity requirement. *See Katz v. Comdisco, Inc.,* 117 F.R.D. 403, 407 (N.D.Ill. 1987). Therefore, the numerosity requirement of Rule 23(a)(1) is met here.

## B. *Commonality*

■ Rule 23(a)(2) is generally satisfied where the plaintiff shows that a "common nucleus of operative fact" exists. *Rosario v. Livaditis,* 963 F.2d 1013, 1018 (7th Cir.1992) (citing *Franklin v. City of Chicago,* 102 F.R.D. 944, 949–59 (N.D.Ill.1984)). To meet his burden of demonstrating commonality, plaintiff asserts that questions of law or fact common to the class include the following:

(1) whether defendants violated the federal securities laws;

(2) whether the defendants participated in and pursued the unlawful course of conduct complained of;

(3) whether the releases and statements publicly disseminated during the Class Period omitted or misrepresented material facts as alleged in the Complaint;

(4) whether the defendants acted willfully or recklessly in omitting to state or misrepresenting material facts or in aiding and abetting the making of such misrepresentations or omissions;

(5) whether the market price of Safety–Kleen common stock during the Class Period was artificially inflated due to the omissions or misrepresentations complained of; and

(6) whether the members of the Class have sustained damages and, if so, the proper measure of those damages.

Plaintiff's Mem. at p. 9. Defendants do not dispute plaintiff's contention. The court likewise agrees that these questions of law or fact common to the class meet the requirements of Rule 23(a)(2).

## C. *Typicality*

■ Jaroslawicz's claims are typical under Rule 23(a)(3) if they arise "from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *Id.* (quoting *De La Fuente v. Stokely–Van Camp, Inc.,* 713 F.2d 225, 232 (7th Cir.1983)). Typical, however, does not mean identical. Rather, the court must "look to the defendant's conduct and the plaintiff's legal theory to satisfy Rule 23(a)(3)." *Rosario,* 963 F.2d at 1018. Moreover, the typicality requirement is liberally construed. *Hochschuler v. G.D. Searle & Co.,* 82 F.R.D. 339, 344 (N.D.Ill.1978).

■ Plaintiff argues that he has satisfied the typicality requirement because both plaintiff and members of the class were victims of the same scheme to, *inter alia,* artificially inflate the Safety–Kleen common stock price through dissemination of false and misleading statements. Plaintiff Mem. at p. 10. Under Jaroslawicz's theory of the case, the court finds that the claims asserted by Jaroslawicz and the class utilize the same legal theories, and "will stand or fall on the same evidence." *Harris v. General Dev. Corp.,* 127 F.R.D. 655, 661 (N.D.Ill.1989). Accordingly, the court holds that Jaroslawicz has satisfied the typicality requirement.

## D. *Adequacy of Representation*

■ Under Rule 23(a)(4), the representative party must fairly and adequately repre-

sent and protect the interests of the class. *Rosario,* 963 F.2d at 1018. This requirement is composed of two factors. First, the class representative must not have interests antagonistic to those of the class. The second requirement is that the class representative must vigorously pursue the litigation on behalf of the class and their chosen attorney must be qualified, experienced and able to conduct the litigation. *Secretary of Labor v. Fitzsimmons,* 805 F.2d 682, 697 (7th Cir. 1986); *Fry v. UAL Corp.,* 136 F.R.D. 626, 634 (N.D.Ill.1991).

▉ Defendants launch their primary attack on class certification pursuant to the first component of Rule 23(a)(4). Defendants argue that Jaroslawicz cannot meet this standard because of his close relationship with Pomerantz Levy Haudek Block & Grossman ("Pomerantz Levy"), one of two firms representing the class. To support this argument, defendants point to the fact that Jaroslawicz has been represented by the Pomerantz firm in previous class actions and has served as co-counsel in at least 42 other cases, including 25 currently pending cases. Defendants' Memorandum in Opposition to Class Certification ("Defendants' Opp.") at p. 3. Defendants contend that the relationship between Jaroslawicz and Pomerantz Levy amounts to a "de facto partnership," as evidenced by the fact that Jaroslawicz receives his compensation directly from Pomerantz Levy, and not the court, for cases in which he and Pomerantz Levy were co-counsel. *Id.* at 3–4.

Defendants further assert that Jaroslawicz's interest in the goodwill of Pomerantz Levy creates a conflict of interest which disqualifies Jaroslawicz from serving as class representative. Thus far, Jaroslawicz has received at least $167,929 in attorneys fees from the 17 cases in which he has been co-counsel with Pomerantz Levy. Defendants' Opp. at p. 3. Jaroslawicz's share of the attorney's fees are not apportioned by the court; rather, Jaroslawicz receives compensation for his work directly from Pomerantz Levy. *Id.* at p. 11. Defendants argue that Jaroslawicz's future earnings create an impermissible conflict because of "the fact that [Jaroslawicz's] cut of the attorney's fees in [the 25 currently pending cases where Jaros-

lawicz and Pomerantz Levy are currently co-counsel] ... will tempt him ... to put his counsel's interests ahead of those in the class." Defendants' Opp. at 11. Defendants cite *Susman v. Lincoln American Corp.,* 561 F.2d 86 (7th Cir.1977), in support of their argument.

In response, Jaroslawicz contends that "Mr. Jaroslawicz is neither a partner nor a relative of class counsel in this action, and he will not share in any fee award that class counsel may earn from their representation of the class. Thus, there is no 'relationship' between Mr. Jaroslawicz and class counsel that would restrict his service as a class representative." Plaintiff's Reply at p. 10. Jaroslawicz characterizes his relationship with Pomerantz Levy as "members of the bar who from time to time refer cases to one another and serve as co-counsel." *Id.* at p. 11. Jaroslawicz also relies on *Susman v. Lincoln American Corp.,* 561 F.2d 86 (7th Cir.1977) in support of his contentions. As such, *Susman* is a good starting point.

In *Susman,* a consolidated action, the Seventh Circuit affirmed the district court's ruling that plaintiffs were inadequate class representatives on the grounds of the relationship between the proposed class representatives and class counsel. *Id.* at 87. The court considered the adequacy of representation in three situations: where plaintiff is a member of the same law firm as class counsel, where plaintiff is a brother of class counsel, and where plaintiff shares office space with class counsel. In considering the adequacy of representation requirement, the court reasoned:

> [A] majority of courts ... have refused to permit class attorneys, their relatives, or business associates from acting as the class representative. The most frequently cited policy justification for this line of cases arises from the possible conflict of interest resulting from the relationship of the putative class representative and the putative class attorney. Since possible recovery of the class representative is far exceeded by potential attorneys' fees, courts fear that a class representative who is closely associated with the class attorney would allow settlement on terms less favorable to the interests of absent class members.

*Id.* at 90–91 (footnotes omitted). In so reasoning, the court declined to adopt a per se analysis, and also rejected plaintiffs' argument that "reliance on the court's control of settlement and attorney's fees renders strict enforcement of Rule 23(a)(4) unnecessary." *Id.* at 95. *Susman* endorsed the view that a court may find a conflict of interest based on the relationship between the class representative and class counsel even though the class representative will not share in attorney's fees from that case. *Id.* at 95. Adopting a case-by-case approach, the court held that the district court did not abuse its discretion in finding pecuniary and non-pecuniary interests between the putative class representative and class counsel created a conflict sufficient to deny class certification in each of the three situations. *Id.*

Other courts have similarly found a close relationship between the class representative and class counsel impermissible. In so holding, the Eleventh Circuit expressed concern that a class representative may aim to increase the return to counsel where he has an interest in the representation and goodwill of his law firm which would be enhanced by a large attorney's fee award. *Shroder v. Suburban Coastal Corp.*, 729 F.2d 1371, 1375 (11th Cir.1984) (explaining *Susman v. Lincoln America Corp.*, 561 F.2d 86 (7th Cir. 1977)). Moreover, the District Court of Columbia, relying in part on *Susman*, found that the "possibility that plaintiff may benefit when his attorneys benefit—either directly by receiving future business from [class counsel] or indirectly by helping a business associate at the expense of the class—casts doubt on whether plaintiff will fairly and adequately protect the interests of the entire class." *Shields v. Washington Bancorporation*, No. Civ. A. 90–1101, 1991 WL 221940, *2 (D.D.C. Oct. 10, 1991).

Defendants argue that, under *Susman*, Jaroslawicz's relationship with Pomerantz Levy prohibits him from serving as class representative. Specifically, defendants assert that since Jaroslawicz's damages are estimated at less than $100, "Jaroslawicz cannot realistically be expected to place that small stake before his quarter of a million dollar interest in preserving his attorney's good will." Defendants' Opp. at p. 10. Thus,

defendants argue, allowing Jaroslawicz to proceed as the class representative would thwart the *Susman* rationale. We agree.

Jaroslawicz attempts to diffuse defendants' arguments by claiming that *Susman* does "not support the holding that a plaintiff who merely conducts business with class counsel is barred serving as class representative." Plaintiff's Reply Memorandum in Support of His Motion for Class Certification at p. 11. Plaintiff finds it significant that the cases cited by the court in *Susman* dealt with situations where the class representative was *in name* a member, relative or employee of class counsel.

We disagree with plaintiff's reading of *Susman*. First, the fact that Jaroslawicz is not in name a partner, relative or employee of Pomerantz Levy does not preclude a finding that Jaroslawicz is an inadequate class representative. Indeed, *Susman* specifically considered the situation where the plaintiff rented office space from the law firm representing the class—a situation where no formal partnership or familial relationship existed—and found that the district court was within its discretion in finding the plaintiff an inadequate representative. *Susman*, 561 F.2d at 95. The Seventh Circuit held that the district court correctly based its ruling on a finding of interdependence between the plaintiff and the law firm. *Id.* Contrary to plaintiff's characterization of the relationship between himself and Pomerantz Levy, we find that serving as co-counsel on 25 pending cases describes an "interdependent" relationship.

Second, Jaroslawicz's assertion that because he will not receive attorney's fees from this lawsuit a conflict cannot exist, flies in the face of *Susman's* plain language. *Susman* explicitly stated that "[e]ven though plaintiff does not expect to share in any attorney's fees recovered in this cause, there exists the possibility that one so situated will become more interested in maximizing the 'return' to his counsel than in aggressively presenting the proposed class' action." *Susman*, 561 F.2d at 95. This reasoning applies with special force here where Jaroslawicz's maximum financial interest as a member of the plaintiff

class is $100 and where his continued relationship with Pomerantz Levy appears very lucrative. Therefore, Jaroslawicz's argument that his relationship with Pomerantz Levy is irrelevant because he will not receive attorneys's fees from this lawsuit must fail.

Moreover, the court finds that the ethical mandate that "a lawyer should avoid even the appearance of professional impropriety," ABA Canons of Professional Ethics No. 9, is apposite here, regardless of whether Jaroslawicz receives any attorney's fees from Pomerantz Levy in the present action. In discussing Canon No. 9, the *Susman* court stated that "the factor mandating judicial inquiry is the appearance of impropriety inherent in plaintiff's role as representative of class members vis-a-vis plaintiff's business associate's desire to maximize recovery of attorney's fees from an equitable fund created by the court for the benefit of the class." *Susman*, 561 F.2d at 93. The court further noted the importance of considering the unfavorable public perception that the plaintiff benefits from the award of attorney's fees. These concerns are present here. Attorney's fees awarded to Pomerantz Levy create the public perception that Jaroslawicz will also benefit from the award, even if Jaroslawicz does not receive any part of the fees directly. *See id.* In essence, this lawsuit has the appearance of "manufactured litigation." *Id.* at 95.

Finally, Jaroslawicz fails to address how he can overcome *Susman's* fundamental concern—the fact that Jaroslawicz's economic interest in the Safety–Kleen common stock is vastly different from the economic opportunities present in his relationship with Pomerantz Levy. As a plaintiff in the present case, Jaroslawicz's maximum recovery is less than $100. Jaroslawicz asserts that his lengthy

*prior* history with Pomerantz Levy is irrelevant to the decision on adequacy of representation. He does not, however, address his *present* relationship with Pomerantz Levy. Unlike the other class members, Jaroslawicz has a significant financial interest in maintaining the goodwill of Pomerantz Levy. As a result, the financial interests of Jaroslawicz and the class members are not co-extensive, and the Jaroslawicz's ability to fairly and adequately protect the class comes into question. *See id.* at 95.

We are thus persuaded by defendants' arguments, and we find that Jaroslawicz is not an adequate class representative. Jaroslawicz's possible recovery as a plaintiff is dwarfed by the fees that Pomerantz Levy could recover in the action. Jaroslawicz has an interest in maintaining Pomerantz Levy's goodwill independent of this action, as Jaroslawicz and Pomerantz Levy are serving as co-counsel in numerous cases, and Pomerantz Levy, and not the court, allots the attorney's fees among Jaroslawicz and the firm. As such, an impermissible conflict of interest is created, and accordingly, to allow Jaroslawicz to proceed as representative of the class would undermine the *Susman* rationale.[2] On this basis, class certification is denied.

Although defendants also dispute that the class action is the superior method of adjudication, the court will not address this contention, as class certification has already been denied. We note, however, that Jaroslawicz is free to seek different counsel to overcome any possibility of conflict of interest. In addition, Jaroslawicz is not barred from continuing with the action on his own behalf, with Pomerantz Levy as counsel.

---

**2.** We are mindful that the *Susman* court, in affirming the district court's ruling that an individual who rented office space from class counsel's law firm was an inadequate representative, noted that "judicial control over class settlements and attorney's fees might, under other circumstances, provide adequate protection for the due process rights of absent class members." *Susman*, 561 F.2d at 96. This case does not present such circumstances. Jaroslawicz has not been adequately forthcoming about his relationship with Pomerantz Levy and his experience as a class action plaintiff. Significantly, Jaroslawicz did not bring his close relationship with Pomerantz Levy to the court's attention upon his own doing. Rather, defendants discovered the relationship by chance, and even then, Jaroslawicz did not respond to defendants' inquiry into the relationship until he was compelled to do so by the court. Indeed, Jaroslawicz made no mention of his relationship with Pomerantz Levy in his brief in support of class certification, and at the present, Jaroslawicz has yet to disclose the exact number of cases where he has served as a class action plaintiff.

### III. *Conclusion*

For all the foregoing reasons, the court denies certification of the proposed class.