**In re PAN AM CORPORATION, et al., Debtors.**

**PAN AM CORPORATION, et al., and the Official Committee of Unsecured Creditors of Pan Am Corporation, et al., Plaintiffs,**

**v.**

**DELTA AIR LINES, INC., Defendant.**

**Bankruptcy Nos. 91 B 10080 (CB) to 91 B 10087 (CB).**
**No. 93 Civ. 7125 (RPP).**

United States District Court, S.D. New York.

Dec. 23, 1993.

---

**42**

Cleary, Gottlieb, Steen & Hamilton by David Brodsky, George Weisz, New York City, for plaintiffs.

Davis Polk & Wardwell by Dennis E. Glazer, New York City, for defendant.

Marcus Montgomery Wolfson & Burton, P.C. by Neil P. Forrest, Robert J. Lanza, New York City, for Committee of Unsecured Creditors.

Whitman Breed Abbott & Morgan by John Tardera, New York City, for Luedke plaintiffs.

**OPINION AND ORDER**

ROBERT P. PATTERSON, Jr., District Judge.

·Defendant Delta Air Lines, Inc. ("Delta") makes this motion to withdraw the bankruptcy reference of the adversary proceeding entitled *Pan Am Corp. v. Delta Air Lines, Inc.*, Adv. Proc. No. 91–6626A (CB) (Bankr. S.D.N.Y.) (the "Adversary Proceeding") pursuant to 28 U.S.C. § 157(d) and Bankruptcy Rule 5011. Two related cases are currently pending before this Court, *Luedke v. Delta Air Lines, Inc.*, 92 Civ. 1778(RPP); and *Beckett v. Delta Air Lines, Inc.*, 92 Civ. 6725(RPP). Pan Am Corporation and its affiliates (collectively, "Pan Am"), the Official Committee of Unsecured Creditors of Pan Am (the "Committee"), and the Ad Hoc Committee of Administrative and Priority Creditors of Pan Am (the "Ad Hoc Committee"), oppose this motion on the grounds that Delta is forum shopping, the motion is untimely, the Adversary Proceeding is a "core proceeding" which should be heard by a bankruptcy judge, and because consolidation will unduly delay the trial of the Adversary Proceeding. The plaintiffs in *Luedke v. Delta Air Lines, Inc.*, 92 Civ. 1778(RPP) argue that the motion should be denied pending the completion of pre-trial proceedings in all three actions.

***BACKGROUND***

The Adversary Proceeding stems from the failure of various efforts to reorganize Pan Am in the Fall of 1991. On March 6, 1992, Pan Am, the Committee and the Ad Hoc Committee filed a complaint alleging that Delta refused in bad faith to participate in Pan Am's reorganization. The plaintiffs seek damages of $2.5 billion and equitable subordination of Delta's bankruptcy claims. Under the supervision of Bankruptcy Judge Blackshear the parties have engaged in extensive discovery. Since April 1993, Judge Blackshear has told the parties that it would be difficult if not impossible for him to try the Adversary Proceeding on consecutive days, if he would be able to try it at all.

Currently before this Court are two actions which arise from the same factual context as the Adversary Proceeding. *Luedke v. Delta Air Lines, Inc.*, 92 Civ. 1778(RPP) and *Beckett v. Delta Air Lines, Inc.*, 92 Civ. 6725(RPP). In *Luedke*, a group of former Pan Am employees seek to recover for wages and other benefits they allegedly would have received from the reorganized Pan Am. Class certification has been denied in the *Luedke* action. *See Luedke v. Delta Air Lines, Inc.*, 155 B.R. 327; *Luedke v. Delta Air Lines, Inc.*, 1993 WL 313577 (S.D.N.Y. Aug. 10, 1993); and Order and Opinion dated December 14, 1993 in *Luedke v. Delta Air Lines, Inc.*, 92 Civ. 1778. *Beckett*, which is quite similar to *Luedke*, was brought by a group of individual former Pan Am pilots who also seek to recover damages for wages and benefits they allegedly would have received from the reorganized Pan Am. The discovery in both the *Luedke* and the *Beckett* actions have been consolidated with the discovery in the Adversary Proceeding before Judge Blackshear. There are jury demands in both cases.

Judge Blackshear is also presiding over three additional adversary proceedings relat-

ed to the Pan Am Bankruptcy. However, the issues of fact and law in those proceedings do not appear to be related to the Adversary Proceeding. In *United States v. Pan Am Corp.*, Adv. Proc. No. 91–6684 (the "CRAF Action"), the United States Air Force ("USAF") is seeking $380 million from the Pan Am estate for liabilities that Pan Am allegedly incurred as a participant in the USAF Civil Reserve Air Fleet ("CRAF") program. Pan Am has brought a third party claim against Delta in the event that Pan Am is held liable to the USAF in the CRAF Action. Also pending is *Pan Am Corp. v. Delta Air Lines, Inc.*, Adv. Proc. No. 93–8182A, in which Pan Am is seeking over $30 million from Delta for services provided in connection with Pan Am's sale of certain assets to Delta. The final action pending before Judge Blackshear is *Liebhard v. Delta Air Lines, Inc.*, Adv. Proc. No. 92–8018A. In *Liebhard,* a former member of Pan Am's frequent flyer program who elected to obtain Pan Am frequent flyer certificates rather than transfer his miles into Delta's frequent flyer program claims that the certificates became worthless when Delta wrongful refused to participate in Pan Am's reorganization. The *Liebhard* action has been inactive.

## DISCUSSION

*I. 28 U.S.C. § 157(d)*

28 U.S.C. § 157(d) provides, in relevant part, that:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown.

Delta claims that the bankruptcy reference of the Adversary Proceeding should be withdrawn "for cause shown" to promote judicial economy, to avoid the risk of inconsistent results in parallel actions, and to expedite the resolution of the Adversary Proceeding. Pan Am counters that withdrawal is not warranted because the Adversary Proceeding as a "core proceeding" should be heard by a bankruptcy judge and because consolidation of the actions for trial would unduly delay the resolution of the Adversary Proceeding. Pan Am also argues that the motion is un-

timely and that Delta is forum shopping. The *Luedke* plaintiffs argue that withdrawal of the reference is premature because all of the discovery and pre-trial matters which have thus far been administered by Bankruptcy Judge Blackshear would be shifted to this Court resulting in inefficiencies.

In deciding motions to withdraw a reference, "[d]istrict courts in this circuit have considered ... whether the claim or proceeding is core or non-core, whether it is legal or equitable, and considerations of efficiency, prevention of forum shopping, and uniformity in the administration of bankruptcy law." *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.),* 4 F.3d 1095, 1101 (2d Cir.1993). The Court in *Orion* directed district courts to "first evaluate whether the claim is core or non-core, since it is upon this issue that questions of efficiency and uniformity will turn." *Id.*

The Adversary Proceeding is a core proceeding. Although there is a strong presumption against the withdrawal of core bankruptcy proceedings from Bankruptcy Court, that presumption can be overcome "based on a finding by the Court that the withdrawal of reference is essential to preserve a higher interest." *Allard v. Benjamin (In re DeLorean Motor Co.),* 49 B.R. 900, 912 (Bankr.E.D.Mich.1985). In this instance the higher interest to be served is that of promoting judicial efficiency.

In this case court efficiency would be promoted if this Court, rather than the Bankruptcy Court, tries the Adversary Proceeding. The *Luedke* and the *Beckett* plaintiffs have filed jury demands in their cases. These jury demands have not been withdrawn and the parties have not consented to having them withdrawn or consented to a jury trial in the Bankruptcy Court. Accordingly, consolidation of the Adversary Proceeding with the *Luedke* and *Beckett* cases can only be accomplished if the Adversary Proceeding is withdrawn from the Bankruptcy Court. By withdrawing the reference and consolidating it for trial pursuant to Rule 42 of the Federal Rules of Civil Procedure with the *Luedke* and *Beckett* cases, the risk of inconsistent adjudications will be lessened as the evidentiary record on mutual issues of

fact will not contain variances and all the issues of fact can be heard and decided in one forum, as opposed to risking potential inconsistent evidence and findings by the Bankruptcy Court in the Adversary Proceeding and by this Court in *Luedke* and *Beckett*.[1] Moreover, although the parties disagree on the best method to get the Adversary Proceeding most quickly resolved, they do agree that Bankruptcy Judge Blackshear will find it difficult if not impossible to schedule this case for trial in the Spring of 1994. In a conference between this Court and Judge Blackshear it was determined, after exploring various judicial alternatives, that the Adversary Proceeding should be tried in this Court because this Court, by present calculations, can hear the dispute promptly and without adjournments, whereas the Bankruptcy Court cannot. Thus the parties and the Courts will be saved considerable time and expense by a withdrawal of the Adversary Proceeding.

The objections set forth by Pan Am and the *Luedke* plaintiffs will be addressed briefly. Pan Am argues that this motion should be denied because Delta is forum shopping. This allegation is based on the fact that in April 1992 Delta sought to have the *Luedke* action referred to the Bankruptcy Court. Rather than forum shopping it appears that Delta is seeking to have the disputes which arise from the same factual context adjudicated in one forum rather than two, promoting judicial economy and lesson duplicative efforts on the part of the parties.

Pan Am also argues that withdrawal of the reference will delay the trial of the Adversary Proceeding because of the procedural postures of the *Luedke* and *Beckett* actions. The *Luedke* plaintiffs argue that withdrawal is premature because the pre-trial proceedings in each of the cases are different and for this Court to monitor the proceedings would be inefficient. Although more discovery has been completed in the Adversary Proceeding than in *Luedke* or *Beckett*, counsel in those cases appear to be relying on that discovery and have advised the Court that any additional discovery in those actions should not unduly delay trial in the Adversary Proceeding. On December 14, 1993, this Court denied the *Luedke* plaintiffs' motion for class certification and their motion for leave to appeal the class certification decision. Thus the *Luedke* action will continue individually. The addition of new plaintiffs to the *Luedke* action also should not significantly delay trial in the Adversary Proceeding.

Pan Am also argues that Delta's motion for withdrawal should be denied as untimely. This argument fails because it has only recently become clear to counsel in the Adversary Proceeding that Judge Blackshear will not be able to try the Adversary Proceeding at all, thus Delta's motion is timely.

### CONCLUSION

The reference to the Bankruptcy Court of the adversary proceeding entitled *Pan Am Corp. v. Delta Air Lines, Inc.*, Adv. Proc. No. 91–6626A (CB) (Bankr.S.D.N.Y.) is to be withdrawn upon completion of discovery pursuant to 28 U.S.C. § 157(d). The parties in this action, *Luedke* and *Beckett* are ordered to attend a conference in Room 302 at 9:00 on January 4, 1994 to schedule trial in early 1994.

IT IS SO ORDERED.

---

**1.** The parties have not objected to consolidation under Rule 42 and the factors set forth in *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir.1990) *cert. denied*, 498 U.S. 920, 111 S.Ct. 297, 112 L.Ed.2d 250 (1990), to the extent applicable, favor a consolidation of these actions. *See In re: Repetitive Stress Injury Litigation*, 11 F.3d 368 (2d Cir.1993).