### In re PITTSBURGH CORNING CORPORATION, Debtor.

**Pittsburgh Corning Corporation, Movant,**

**v.**

**Rebecca Mingo, Respondent.**

**Bankruptcy No. 00–22876–JKF. Motion No. RS–32.**

United States Bankruptcy Court, W.D. Pennsylvania.

May 6, 2002.

David Ziegler, Pittsburgh, PA, for the debtor.

Peter G. Loftus, Waverly, PA, for Rebecca Mingo.

### MEMORANDUM OPINION[1]

JUDITH K. FITZGERALD, Chief Judge.

Before the court is Pittsburgh Corning Corporation's ("Debtor") Objection to Claim of Rebecca Mingo, a former employee. Debtor's Objection asks this court to disallow Mingo's claim on the basis that Mingo "failed to show sufficient facts to support her claims." Objection to Claim of Rebecca Mingo, Docket. No. 834, at ¶ 7. Mingo states that the Bankruptcy Court lacks jurisdiction to decide the issues but offers no explanation for this conclusion. We find that we have jurisdiction but will request the District Court to withdraw the reference of this motion (Motion No. RS–32) and adjudicate the merits of the claim inasmuch as the matter was pending before the District Court and in a posture for prompt adjudication when this bankruptcy was filed.

Prior to the filing of Debtor's chapter 11 petition, Mingo filed an action at Civil Action No. 98–259E in the District Court for the Western District of Pennsylvania alleging age discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*, age discrimination claims under the Pennsylvania Human Re-

---

1. This Memorandum Opinion constitutes our findings of fact and conclusions of law.

lations Act, 43 P.S. § 951, *et seq.*, violation of the Worker Adjustment and Retraining Notification Act ("WARN"), 29 U.S.C. § 2101,[2] *et seq.*, and a wrongful discharge claim. Prepetition, the parties engaged in substantial discovery, Debtor filed a motion for summary judgment, and the matter had been briefed and was awaiting decision by the District Court.

Postpetition, Mingo filed a proof of claim incorporating the allegations of the Complaint. In response to Debtor's objection to the claim, Mingo filed a response alleging that this court lacks jurisdiction to determine whether Mingo has stated sufficient facts to support her claim and that the issue must be determined by the District Court. *See* Debtor's Memorandum of Law in Support of the Objection to the Claim of Rebecca J. Mingo, Docket No. 984, at 2; Respondent's Answer to the Debtor's Objections to Claim, Docket No. 891, at ¶ 7. In its Reply to Response, Docket No. 908, Debtor avers that because Mingo has asserted a claim for damages, there could be an impact on the Debtor's estate, the matter is therefore subject to this court's "related to" jurisdiction under 28 U.S.C. § 1334(b), and is a core proceeding under 28 U.S.C. § 157(b)(2)(B) concerning allowance and disallowance of claims against the estate.

We have reviewed Debtor's objection to Mingo's claim, brief in support thereof, Mingo's answer to the objection, Debtor's reply, and Debtor's supplemental brief on the issue of this court's jurisdiction. Although Mingo was provided an opportunity to file a brief, she did not do so.

We find that we have jurisdiction to determine the Debtor's objection to Mingo's claim. However, under the circumstances, and for the reasons which follow, it seems more appropriate for the District Court to withdraw the reference and complete the summary judgment proceedings and, in the process, to decide the objection to claim which raises the same issues.

*Jurisdiction*

The Bankruptcy Court has jurisdiction over core matters, 28 U.S.C. § 157(b), and over non-core matters "related to" the bankruptcy case. 28 U.S.C. § 157(c).

*Core*

 Proceedings involving rights created by the Bankruptcy Code are core proceedings. *In re Continental Airlines, (Air Line Pilots Ass'n v. Continental Airlines)*, 125 F.3d 120, 130 (3d Cir.1997), *cert. denied* 522 U.S. 1114, 118 S.Ct. 1049, 140 L.Ed.2d 113 (1998). Proceedings that would only arise in bankruptcy cases, such as those involving filing a proof of claim, are also core. *Id.* Thus, an objection to a claim filed in a bankruptcy case is core. Our analysis does not end there, however, for we must also assess the nature of the claim itself. Here there are no bankruptcy issues except whether Mingo has a claim, a fact which will be determined by the adjudication of the merits of her complaint. The underlying alleged causes of action are not created by the Bankruptcy Code nor do they arise only in bankruptcy cases.

*Related to Jurisdiction*

The standard for "related to" jurisdiction is expressed in *Copelin v. Spirco, Inc.*, 182 F.3d 174, 179 (3d Cir.1999):

> A proceeding is related to a case under title 11 if it "could conceivably have any effect on the estate being administered in bankruptcy" such that " 'it is possible that [the] proceeding may impact on the debtor's rights, liabilities,

---

**2.** The Complaint filed by Mingo in the District Court refers to 29 U.S.C. § 2001, a definition-al section under Chapter 22 of title 29, entitled "Employee Polygraph Protection".

options, or freedom of action or the handling and administration of the bankrupt estate.'" *Halper v. Halper,* 164 F.3d 830, 837 (3d Cir.1999) (quoting *In re Guild & Gallery Plus, Inc.,* 72 F.3d 1171, 1181 (3d Cir.1996) (other citations and quotations omitted)); *see also United States Trustee v. Gryphon at the Stone Mansion, Inc.,* 166 F.3d 552, 556 (3d Cir.1999) (noting that test to determine if matter is "related to" a bankruptcy is whether the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy). As we reaffirmed in *Halper,* the key word "is 'conceivable.' Certainty, or even likelihood [of effect on the estate being administered in bankruptcy] is not a requirement." 164 F.3d at 837 (quoting *In re Guild,* 72 F.3d at 1181) (other quotations omitted). Thus, jurisdiction is a threshold issue determined by speculating whether the ultimate outcome of the litigation could conceivably affect the bankrupt estate. Here, the Bankruptcy Court had jurisdiction to hear ... [the] motion to enforce the terms of the Bankruptcy Plan of Reorganization because resolution of that motion may arguably have had an impact on [the] bankruptcy. That the underlying issue is enforcement of a state court judgment is irrelevant to our analysis of the Bankruptcy Court's jurisdiction.

■ Although § 157(b)(2)(B) of title 28 provides that matters involving the allowance and disallowance of claims are core proceedings, the particular claim at issue must fall within one of the specific categories of core proceedings listed in § 157(b)(2)(B). The fact that the claim falls within one of the "catch-all" provisions (§ 157(b)(2)(A) (matters concerning administration of the estate), (O) (other proceedings affecting the liquidation of the assets)) is insufficient to support a finding of core

jurisdiction. *Beard v. Braunstein,* 914 F.2d 434, 444 (3d Cir.1990). "At a minimum, *Marathon* requires that all claims filed in bankruptcy court must be able to stand on their own as either core or related proceedings." *In re The Guild and Gallery Plus, Inc.,* 72 F.3d 1171, 1182 (3d Cir.1996) (citing *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982)). We agree with the Debtor's assessment that Mingo's claim is "based on the type of economic loss traditionally adjudicated by bankruptcy courts." Debtor's Memorandum of Law at 3. However, it falls under the court's "related to" jurisdiction because it is based on

causes of action that could stand alone under state law or other federal law even if no bankruptcy case were ever filed. They may be deemed "related-to" bankruptcy and can be heard by the bankruptcy court if their resolution could have a direct and substantial impact on the asset pool available for distribution in a particular bankruptcy estate.

"Related-to" matters do not involve substantive rights created by the Bankruptcy Code or administrative matters that could only arise in a bankruptcy case.

*In re Aiello,* 231 B.R. 693, 703 (Bankr. N.D.Ill.1999), *affirmed* 239 F.3d 876 (7th Cir.2001). Because Mingo's claim is based on state and federal nonbankruptcy law, the claim falls under the Bankruptcy Court's "related to" jurisdiction.

*Discussion*

The issues raised in the motion for summary judgment pending in the District Court must be determined in conjunction with ascertaining whether Mingo has a claim cognizable in this case. Inasmuch as the matter was ready for deci-

sion by the District Court, a review and decision by this court would duplicate effort. Further, if the District Court grants the Debtor's motion for summary judgment, it will likewise enter an order sustaining the Debtor's objection to Mingo's claim. If the District Court denies the Debtor's motion for summary judgment, Mingo's nonbankruptcy claims will have to be adjudicated. These claims involve either nonbankruptcy federal statutes which fall under the District Court's jurisdiction or state law matters. Either way, they are non-core matters. Under the circumstances, the efficient administration of justice suggests that the District Court should conclude the matter on its docket.

*Withdrawal of the Reference Under Fed. R.Bankr.P. 5011*

■ Notwithstanding the strong presumption against withdrawal of the reference of core bankruptcy proceedings, the presumption can be overcome "based on a finding by the Court that the withdrawal of reference is essential to preserve a higher interest." *In re Pan Am Corp., et al. (Pan Am Corporation, et al. v. Delta Air Lines, Inc.)*, 163 B.R. 41, 43 (S.D.N.Y. 1993), quoting *In re DeLorean Motor Co.*, 49 B.R. 900, 912 (Bankr.E.D.Mich.1985).

In this case, in light of the nature of Mingo's claims and the status of the suit before the District Court on the date the bankruptcy was filed, the efficient administration of justice suggests that the District Court conclude its proceedings. Once the District Court addresses the Debtor's motion for summary judgment and rules on the merits of the causes of action, the claim will be liquidated and the objection

to claim determined. If the objection to claim is overruled, the liquidated claim will then be addressed under any plan of reorganization that may be proposed and confirmed in this case.[3]

*Conclusion*

■ The allowance and disallowance of claims against a bankruptcy estate is a core proceeding. *See Halper v. Halper*, 164 F.3d 830, 837 (3d Cir.1999). The causes of action alleged by Mingo are not core matters but fall within the "related to" jurisdiction of the Bankruptcy Court. The motion for summary judgment was before the District Court prepetition and was ready for decision. It raises the same issues as the objection to claims. The District Court is in the best position to decide the matter on the merits and this court recommends that the reference be withdrawn to facilitate that action.

---

**3.** We note that in *Pan Am* the Bankruptcy Court had been conducting discovery and pretrial matters before the District Court rendered its decision on withdrawal of the reference but that did not sway the District Court from the conclusion that judicial efficiency would be better served if it rather than the Bankruptcy Court tried the matter. *See also In re CIS Corp.*, 1992 WL 176482 *2 (S.D.N.Y., July 17, 1992) (courts should consider judicial economy and whether the matter is core or non-core in determining whether to withdraw the reference).