In re Laura Anne AIELLO, a/k/a
Laura Anne Power, Debtor.

Laura Anne Aiello, a/k/a Laura Anne
Power, on behalf of herself and oth-
ers similarly situated, Plaintiffs,

v.

Providian Financial Corporation,
f/k/a Providian Bancorp,
Inc., Defendant.

Bankruptcy No. 96 B 31162.
Adversary No. 98 A 933.

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

March 25, 1999.

Gary S. Caplan, Chicago, IL, for Plaintiff.

Daniel J. Edelman, Derwood, MD, for Defendant.

Andrew J. Maxwell, Chicago, IL, trustee.

## MEMORANDUM OPINION

ERWIN I. KATZ, Bankruptcy Judge.

This matter comes before the Court on the Defendant Providian Financial Corporation's Motion to Strike the Class Allegations from the Plaintiff's Adversary Complaint. For the reasons stated below, the motion to strike is granted.

## I. PROCEDURAL HISTORY

The Debtor Laura Anne Aiello (hereinafter "Debtor") is an individual who filed a chapter 7 petition in bankruptcy on November 20, 1996. A discharge order was entered on her behalf on March 3, 1997. The Defendant Providian Financial Corporation (hereinafter "Providian") is a publicly traded corporation which owns various subsidiaries which are engaged in the business of issuing and servicing credit cards. The Debtor filed a complaint against Providian in the United States District Court for the Northern District of Illinois on November 26, 1997. Providian moved the District Court for dismissal of the complaint or for referral of the matter to the Bankruptcy Court. District Court Judge Lindberg denied the motion to dismiss but granted the motion for referral and entered a brief minute order referring the matter to this Court on April 14, 1998. The Debtor then filed the instant adversary complaint, which is identical to the district court complaint on June 6, 1998.

The adversary complaint asserts that Providian violated the automatic stay by sending threatening and intimidating communications to the Debtor post-petition with the intent to coerce her into signing a reaffirmation agreement for Providian's debt. The complaint further alleges that Providian engaged in a policy and practice of sending threatening letters to customers who filed for bankruptcy accusing them of fraud, threatening to file non-dischargeability complaints against

them, and offering to enter into a reaffirmation agreement as an alternative. The Debtor seeks to bring the adversary complaint as a class action on behalf of all bankruptcy debtors who improperly received such a letter. The complaint seeks compensatory and punitive damages under 11 U.S.C. § 362(h) for Providian's alleged violations of the automatic stay and demands trial by jury.

Providian filed a motion to strike the class allegations from the complaint on the grounds that, even though the matter was referred to it by the District Court, the Bankruptcy Court lacks jurisdiction over the claims of the plaintiff class. Providian asserts that (1) the class action claims on behalf of similarly situated debtors in other bankruptcy cases throughout the nation are not "core" proceedings and (2) there is no "related-to" jurisdiction which would allow this Court to hear the matter without Providian's consent.[1]

The class which the Debtor seeks to have certified consists of:

a. All natural persons who filed bankruptcy proceedings;

b. With respect to whom (either directly or through their legal counsel) Providian sent a letter;

c. Containing accusations of fraud or threatening the filing of a nondischargeability complaint alleging actual fraud;

d. Against whom Providian did not in fact file such a complaint; and

e. With respect to which Providian did not conduct a Rule 2004 examination prior to the sending of the letter.

The common questions which the Debtor seeks to have certified are:

a. Whether Providian engages in a practice of sending letters threatening bankruptcy debtors with charges of fraud;

b. Whether such letters are sent without intent to follow through on their threats;

c. Whether such letters are sent directly to debtors represented by counsel; and

d. Whether the sending of such letters violates 11 U.S.C. § 362.

---

1. Providian has also filed a motion for summary judgment alleging that there has been no injury to the Debtor which would allow her to recover damages and thus she has no standing to bring this cause of action. The Court will address this motion in a separate opinion.

## II. FACTUAL BACKGROUND

The Debtor filed a chapter 7 petition on November 20, 1996. She was represented by counsel and this fact was disclosed on her bankruptcy petition and the accompanying schedules. A discharge order was entered and the case was closed on March 3, 1997. The Debtor subsequently reopened this case to file the instant complaint.

Prior to filing for bankruptcy protection, the Debtor opened a credit card account with First Deposit National Bank, a subsidiary of Providian. The Debtor's debt to First Deposit was listed in her bankruptcy schedules. Providian owns other entities which are also engaged in the issuance of credit cards. Collectively, these Providian entities are the thirteenth largest issuer of credit cards in the United States.

On or about January 3, 1997, during the pendency of the Debtor's bankruptcy case, Providian mailed a letter to the Debtor which states in part,

"It is our belief that, due to the amounts and timing of these charges, you did not have the ability or the intent to repay this debt at the time the charges were made. As you know, the object of a Chapter 7 bankruptcy petition is to effect a discharge of most of the debts listed on the bankruptcy schedules. However, we can file a complaint with the court objecting to discharge of our debt if we believe that the debt was incurred through false pretenses, false representations, or actual fraud as defined in the Bankruptcy Code 11 U.S.C. § 523(a)(2). If we are able to show that you did not have the intent to repay our debt at the time the charges were made we may be able to obtain a fraud judgment against you. Your request to discharge our debt may then be denied entirely, meaning that you would have to repay all or a portion of the amount to which we objected. A fraud judgment can have many negative implications in addition to your obligations to pay the entire amount of the judgment. We do not wish to file a complaint to determine dischargeability of this debt unless necessary and we think it

would be in the best interest of all concerned to avoid disputing this matter in court. We propose that you enter into a Reaffirmation Agreement as a means of compromising this matter. Reaffirming a debt means that you sign a legally enforceable document which states that you promise to repay all or a portion of the debt. We propose that you repay the sum of $1,101.71 with interest at the rate of 12.0% per annum. This payment plan would require 36 monthly payments of $33.57. If we do not receive the *entire* signed agreement by January 24, 1997, we reserve the right to withdraw this settlement offer and refer the file to our attorney to file suit for the full objection amount plus costs."

The letter was sent directly to the Debtor and was not copied to her attorney even though her bankruptcy petition disclosed that she was represented by counsel. The Debtor has alleged that she experienced shock and emotional distress upon receiving this letter and that Providian intended to cause shock and emotional distress to the recipient of the letter.

Providian sent similar form letters to other credit card customers who filed for bankruptcy. The Debtor asserts that it is Providian's policy to (1) routinely send such form letters to customers who file for bankruptcy protection; (2) send the form letter without conducting an examination pursuant to Federal Rule of Bankruptcy Procedure 2004 to determine if there is any basis for the allegations of intent to defraud; and (3) send the letter directly to debtors who are represented by counsel in order to maximize the intimidating effect. The Debtor also alleges that (1) Providian rarely follows up on the form letters by filing a dischargeability complaint because the letters are sent by employees without the intent or authority to do so; (2) the amounts owed by the debtors receiving these letters from Providian are generally modest and it would require legal fees in excess of the underlying debt to challenge Providian's claim; and (3) these form letters are therefore an effective means of intimidating debtors into signing reaffirmation agreements.[2]

2. Providian has filed a motion for summary judg- ment which addresses solely the issue of dam-

The complaint fails to identify the amount of damages sought by the Debtor on her behalf and on behalf of the class. Paragraphs 16 and 17 state only that the Debtor "experienced shock and emotional distress upon reading [Providian's letter]" and "Providian intended [the letter] to cause shock and emotional distress in the reader." The prayer for relief requests appropriate compensatory and punitive damages, attorney's fees, litigation expenses and costs of suit, and such other or further relief as the Court deems appropriate. There are no other paragraphs in the complaint addressing the damages sought.

Providian's Statement of Material Facts under Local Rule 402(M), filed in connection with its motion for summary judgment on the damages issue, states that the Debtor is seeking $7,000, a number apparently provided by the Debtor during discovery. The Debtor, however, denies this allegation and states that the damages sought are stated in her complaint. She admits that she incurred no monetary (out-of-pocket) damages whatsoever, including attorney's fees, that she did not see a doctor, counselor or religious leader to help her deal with any emotional distress caused by Providian's letter, and that her emotional distress lasted only until March 27, 1997 when her bankruptcy case was closed. *See* Paras. 24–31 and responses thereto in Debtor's Local Rule 402(N) Statement of Facts. While these pleadings are not technically before the Court for purposes of the Motion to Strike the Class Allegations, the Court must consider the issue of damages in several different contexts in order to rule on the Motion to Strike and therefore it notes the factual admissions regarding damages. Consideration of these undisputed facts

which are contained in the public record does not violate the "four corners of the complaint" rule. *See General Electric Capital Corporation v. Lease Resolution Corp.*, 128 F.3d 1074, 1080–81 (7th Cir.1997).

Providian has moved to strike the class allegations from the complaint on the grounds that the Bankruptcy Court lacks jurisdiction over a nationwide class of debtors in an action requesting monetary damages which will not in any way impact upon the administration of this Debtor's chapter 7 estate.

### III. JURISDICTION

#### A. CLASS ACTIONS BEFORE THE BANKRUPTCY COURT

■ Underlying Providian's motion to strike is the question whether the Bankruptcy Court may hear a class action under Federal Rule of Civil Procedure 23. Clearly, a procedural rule cannot confer or enlarge jurisdiction. Fed.R.Civ.P. 82; Rules Enabling Act 28 U.S.C. § 2072(b); *Amchem Products v. Windsor*, 521 U.S. 591, ——, 117 S.Ct. 2231, 2244 (1997); *Snyder v. Harris*, 394 U.S. 332, 336–38, 89 S.Ct. 1053, 1057, 22 L.Ed.2d 319, 324–325 (1969)(citing *Sibbach v. Wilson*, 312 U.S. 1, 61 S.Ct. 422, 85 L.Ed. 479 (1941)). So long as it does not abridge any substantive right, however, the rule should be applied to uphold its intended purpose. Allowing the Bankruptcy Court to hear class actions is consistent with the intended purpose of Rule 23 and does not impermissibly extend the Court's jurisdiction.

The Seventh Circuit has held that class actions before the Bankruptcy Court are authorized under Fed.R.Civ.P. 23 and Fed.

ages and actual injury under 11 U.S.C. § 362(h). In her response to Providian's motion, the Debtor filed a Statement of Additional Material Facts under Local Rule 402(N). In these additional facts, the Debtor alleged, among other things, that Providian no longer engages in the conduct complained of since the form letters were part of a test program that was ended when this lawsuit was filed. *See* Para. 24–32 of Debtor's Additional Facts. Upon motion by Providian, these paragraphs and others were stricken from the statement of additional facts as not relevant to the summary judgment issue of damages and actual injury. However, since the Debtor readily ad-

mits that the Providian has stopped engaging in the conduct which is the subject of her complaint, the Court will assume that this is a true statement for purposes of determining whether a class action is an appropriate form of relief in this matter. Consideration of this undisputed fact in the public record does not violate the "four corners of the complaint" rule and does not require the Court to consider the motion to strike as a motion for summary judgment. *See General Electric Capital Corporation v. Lease Resolution Corp.*, 128 F.3d 1074, 1080–81 (7th Cir. 1997).

R.Bankr.P. 7023 and may be employed to file a "common" or "class" proof of claim on behalf of a class of creditors. *In the Matter of American Reserve Corp.*, 840 F.2d 487 (7th Cir.1988). It reasoned that class actions allow litigation of and compensation for small claims that would otherwise lie dormant and thus serve a deterrent function by ensuring that wrongdoers bear the costs of their activities. "This compensatory function is as important inside bankruptcy as outside." *Id.* at 489. *See also In re Charter Co.*, 876 F.2d 866 (11th Cir.1989), *cert. dismissed* 496 U.S. 944, 110 S.Ct. 3232, 110 L.Ed.2d 678 (1990); *In re Madison Assoc.*, 183 B.R. 206, 214 (Bankr.C.D.Cal.1995); *In re Appliance Store*, 158 B.R. 384 (Bankr.W.D.Pa.1993); *In re Weisbrod*, 138 B.R. 869 (Bankr.S.D.Ohio 1992); *In re Livaditis*, 132 B.R. 897 (Bankr. N.D.Ill.1991); and *Norton Bankr.L. & Prac.2d* § 154:14.5 *Class Actions* (1998).

Other courts have extended this holding to allow a class of debtors to pursue common claims against a non-debtor party in the Bankruptcy Court. *See In re Wiley*, 224 B.R. 58 (Bankr.N.D.Ill.1998); *In re Coggin*, 155 B.R. 934 (Bankr.E.D.N.C.1993); *In re Whittaker*, 84 B.R. 934 (Bankr.E.D.Pa.1988), *aff'd* 92 B.R. 110 (E.D.Pa.1988), *aff'd* 882 F.2d 791 (3rd Cir.1989); *In re Watts*, 76 B.R. 390, 396–397 (Bankr.E.D.Pa.1987), *aff'd* 93 B.R. 350 (E.D.Pa.1988), *reversed on other grounds* 876 F.2d 1090 (3rd Cir.1989); *In re Fleet*, 53 B.R. 833 (Bankr.E.D.Pa.1985). While some courts have refused to certify a class of debtors before the Bankruptcy Court, these decisions held only that the putative class did not meet the Rule 23 class action requirements. They did not hold that the Bankruptcy Court lacked the authority to hear a class matter. *See, e.g., In re Smith*, 95 B.R. 286 (Bankr.N.D.N.Y.1988). Thus, this Court has the inherent authority to hear the adversary complaint on behalf of the alleged class of debtors. It must still find, however, that is has subject matter jurisdiction over the issues raised therein, that it can exercise personal jurisdiction over debtors who have not filed their cases in this district,

and that the class alleged by the Debtor can be properly certified under Fed.R.Civ.P. 23.

## B. SUBJECT MATTER JURISDICTION OVER ACTIONS ON BEHALF OF A CLASS OF DEBTORS

■ The jurisdiction of the Bankruptcy Court to enter a final decision in an adversary proceeding arises from the original jurisdiction of the District Court set forth in 28 U.S.C. § 1334 and the delegation of that jurisdiction to the Bankruptcy Court under 28 U.S.C. § 157. Title 28 U.S.C. § 1334 provides that the District Court has jurisdiction over "all civil proceedings arising under title 11 or arising in or related to cases under title 11." This provision creates three distinct bases for original bankruptcy jurisdiction which are commonly referred to as "arising under," "arising in," and "related-to" jurisdiction. The jurisdiction of the District Court over these three types of disputes may be delegated to the Bankruptcy Court pursuant to 28 U.S.C. § 157(a).

Title 28 U.S.C. § 157(a) provides that each District Court may refer to the bankruptcy judge for the district any or all cases over which the District Court has jurisdiction. The District Court for the Northern District of Illinois has promulgated General Rule 2.33(A) which refers any and all cases under its original bankruptcy jurisdiction to the bankruptcy judges.[3] Thus, this Court is empowered to hear all matters "arising under, arising in and related-to" bankruptcy cases within the meaning of 28 U.S.C. § 1334.

The delegation of jurisdiction authorized under 28 U.S.C. § 157 is divided into "core" and "non-core" matters. The Bankruptcy Court may enter final judgment in a core matter delegated to it under 28 U.S.C. § 157(b). Subsection (c), however, provides that the Bankruptcy Court may only enter proposed findings of fact and conclusions of law for recommendation to the District Court in non-core matters, unless the parties consent to the entry of a final judgment by the Bankruptcy Court. In any given dispute, therefore, the Bankruptcy Court must deter-

---

**3.** General Rule 2.33(A) provides: "Pursuant to 28 U.S.C. § 157(a), any and all cases under Title 11 U.S.C. § and any and all proceedings arising under Title 11 U.S.C. § or arising in or related to any case under Title 11 U.S.C. § are referred to the bankruptcy judges of this District."

mine whether it is a core or a non-core matter within the meaning of 28 U.S.C. § 1334 and § 157 before ruling.

▇▇▇▇ There are two kinds of core matters—(1) those that "arise under Title 11" in that they involve a cause of action created or determined by a statutory provision of Title 11 and (2) those that "arise in cases under Title 11" which by their very nature could only arise in bankruptcy cases. *See Zerand–Bernal Group, Inc. v. Cox*, 23 F.3d 159, 161–63 (7th Cir.1994); *In re Diamond Mortgage Corp. of Illinois v. Sugar*, 913 F.2d 1233, 1238–39 (7th Cir.1990), *cert. denied* 498 U.S. 1089, 111 S.Ct. 968, 112 L.Ed.2d 1054 (1991); *In re Wolverine Radio Co.*, 930 F.2d 1132, 1140–45 (6th Cir.1991), *cert. dismissed* 503 U.S. 978, 112 S.Ct. 1605, 118 L.Ed.2d 317 (1992); *In re Markos Gurnee Partnership*, 182 B.R. 211, 220 (Bankr.N.D.Ill.1995), *aff'd 195 B.R. 380 (N.D.Ill.1996); In re Spaulding & Company*, 131 B.R. 84, 88–89 (N.D.Ill. 1990).

▇▇▇▇ In contrast, non-core matters do not "arise under" or "arise in" cases under Title 11, but they may be "related-to" a case under the Bankruptcy Code. Such matters represent causes of action that could stand alone under state law or other federal law even if no bankruptcy case were ever filed. They may be deemed "related-to" bankruptcy and can be heard by the bankruptcy court if their resolution could have a direct and substantial impact on the asset pool available for distribution in a particular bankruptcy estate.

▇▇▇▇ "Related-to" matters do not involve substantive rights created by the Bankruptcy Code or administrative matters that could only arise in a bankruptcy case. *Diamond Mortgage*, 913 F.2d at 1239. Therefore, this jurisdictional basis is very limited and must be narrowly applied. As stated by the Seventh Circuit stated in *Matter of Xon-*

ics, Inc., 813 F.2d 127, 131 (7th Cir.1987), "bankruptcy jurisdiction is designed to provide a single forum for dealing with all claims to the bankrupts assets. It extends no further than its purpose." Thus, there is no "related-to" jurisdiction to resolve disputes between various creditors of the estate when it will not affect the amount of property available for distribution. *Id.*

Applying these jurisdictional requirements to the instant complaint, there is no doubt that the District Court would have jurisdiction to hear this dispute under Title 11. Upon a proper referral, that jurisdiction is vested in the Bankruptcy Court. Referral is proper here because this is a core matter and this is the law of the case as decided by Judge Lindberg.

### 1. The Debtor's Class Allegations Raise A Core Bankruptcy Issue

In this case, Providian argues that the Bankruptcy Court lacks subject matter jurisdiction to hear the class action allegations in the complaint without its consent because the issues involved are not core matters under 28 U.S.C. § 157 which can be referred to the Bankruptcy Court.[4] Providian concedes that the Debtor–Plaintiff's individual claim for violation of the automatic stay in her bankruptcy case is a core matter "arising under" Title 11. It argues, however, that the Court cannot exercise its core jurisdiction to enforce the automatic stay on behalf of the other class members when the outcome cannot possibly affect the distribution of property in this Debtor's estate.

Providian seems to be arguing that the Bankruptcy Court would have jurisdiction over a debtor class action based upon core bankruptcy issues *only* if there is also a basis for "related-to" jurisdiction vis-a-vis the case in which the class complaint is brought. It

---

4. Federal Rule of Bankruptcy Procedure 7008(a) requires an adversary complaint to contain a statement that the proceeding is core or non-core and, if non-core, that the pleader does or does not consent to entry of final orders or judgment by the bankruptcy judge. The complaint filed by the Debtor in this proceeding fails to contain such a jurisdictional statement. The Court, however, finds that core jurisdiction does exist as

discussed *infra*. Furthermore, Providian admits in its responsive pleadings that, as to the individual Plaintiff–Debtor, jurisdiction exists with respect to the claims for violation of the automatic stay and the damages sought thereunder. Therefore, the Court will not dismiss the complaint for failure to properly allege jurisdiction under Fed. R.Bankr.P. 7008.

has not, however, cited any authority for this premise.

Other courts have found subject matter jurisdiction over a class of debtors without requiring "related-to" jurisdiction. *See, e.g., In Re Coggin*, 155 B.R. 934 (Bankr.E.D.N.C. 1993). In *Coggin*, the complaint alleged a class action on behalf of a group of debtors holding revolving charge accounts with Sears, Roebuck and Co., where Sears had allegedly violated the discharge injunction, the automatic stay and fair debt collection laws.[5] The adversary complaint sought (1) to avoid Sears' liens on the grounds that they were invalid under state law; (2) a declaratory judgment that Sears' request for turn-over of the goods constituted a violation of the discharge injunction under § 524 and that the improper application of post-petition payments was a violation of the automatic stay under § 362; (3) an injunction prohibiting Sears from engaging in such conduct in the future; and (4) monetary damages for the violation of the state's fair debt collection and deceptive trade practices laws. The debtors sought class certification to avoid Sears' liens on property owned by similarly situated chapter 7 debtors in North Carolina and to recover damages for such debtors in cases where Sears improperly allocated payments on their account. The Bankruptcy Court found that it had subject matter jurisdiction over the class allegations of the complaint because it was a core matter and because, if any aspect was not a core proceeding, Sears had consented to the entry of a final order in its answer. 155 B.R. at 936.

The issues raised in *Coggin* were core matters because they invoked the substantive bankruptcy rights of avoidance, discharge and the automatic stay which were only available under Title 11. Likewise, in the instant case the class action alleges a violation of the automatic stay on behalf of all of the members of the debtor class. The issue presented invokes a substantive bankruptcy right which could only arise in the bankruptcy context. The core nature of this complaint is not altered simply because it is brought in the form of a debtor class action.

Providian cites several decisions for the premise that this Court must find related-to jurisdiction in a debtor class action. These decisions, however, are distinguishable in that they involved substantive rights created by state law, such as deceptive trade and consumer fraud laws, which did not arise under the Bankruptcy Code and were not limited to the bankruptcy context. Thus, the issues underlying the class allegations were not core matters. *See e.g., In re Fisher*, 151 B.R. 895 (Bankr.N.D.Ill.1993)(Barliant, J.)(holding that there was no core or related-to jurisdiction to certify a class of chapter 13 debtors alleging violations of state statutes governing unfair and deceptive practices and state contract law which could have been prosecuted in state court and would exist outside the bankruptcy context); *In re Simmons*, 224 B.R. 879 (Bankr.N.D.Ill.1998) (Lefkow, J.) (questioning whether there would be core or related-to jurisdiction over a class of chapter 13 debtors alleging violations of state consumer fraud and deceptive practices relating to the filing of overstated proofs of claim when there is no substantive bankruptcy right to have a certain amount set forth in the proof of claim); *In re Smith*, 95 B.R. 286 (Bankr.N.D.N.Y.1988)(holding that there was no core or related-to jurisdiction over a class of chapter 7 debtors seeking damages for violations of their due process and equal protection rights which did not include substantive bankruptcy-created rights when their causes of action would exist outside of the bankruptcy context and were incidental and inconsequential to the bankruptcy filings).

---

**5.** The debtors had purchased consumer goods such as appliances using their revolving charge account with Sears. They claimed that Sears improperly allocated the payments made on their account in violation of state law which caused the purchase money security interests claimed by Sears to be invalid. Assuming that the liens were invalid, the debtors' personal liability for the debt would be discharged in their bankruptcy case and Sears would no longer hold a security interest in these goods. After their case was closed, the debtors received a request for turn-over of the property from Sears which prompted them to reopen their case and file an adversary proceeding against Sears alleging violations of the automatic stay, the discharge injunction and the state fair debt collection laws.

These decisions are clearly distinguishable from the instant case where the essence of the complaint is the violation of the automatic stay. An attempt during the pendency of the chapter 7 case to coerce a debtor into signing a reaffirmation agreement in violation of the automatic stay could only arise in a bankruptcy case under § 362 of the Bankruptcy Code. Therefore, it is clearly a core matter. None of the cases cited by Providian held that an otherwise core bankruptcy matter must also satisfy the test of related-to jurisdiction simply because it is brought in the context of a class action.

By its very definition, "related-to" jurisdiction only applies in non-core matters as an alternative basis of jurisdiction. *Diamond Mortgage*, 913 F.2d at 1238–1239. It assumes that the matter does not "arise under" the Bankruptcy Code or "arise in" the case at hand and therefore it requires some other nexus vis-a-vis the estate involved. Such a nexus, however, is not required when the Court is interpreting fundamental provisions of the Bankruptcy Code as to all of the class members. There is no basis for artificially limiting core jurisdiction in debtor class actions to "related-to" situations.

### 2. The Request for Damages Does Not Alter the Core Nature of the Class Allegations.

Providian also argues that there is no subject matter jurisdiction over the class allegations because the complaint requests compensatory and punitive damages on behalf of the class and there is no way an award of damages could affect the administration of or the assets available for distribution in the Debtor–Plaintiff's estate. Although this ar-

gument is similar to the contention that "related-to" jurisdiction must be present, it focuses specifically on the fact that damages are requested in the complaint. Providian asserts that there would be subject matter jurisdiction over a debtor class action requesting injunctive or declaratory relief, but not for a debtor class requesting damages.

This issue was recently addressed by Judge Schmetterer in *In re Wiley*, 224 B.R. 58 (Bankr.N.D.Ill.1998). Judge Schmetterer held that the Bankruptcy Court had core subject matter jurisdiction over a class action complaint alleging the use of an illegal reaffirmation agreement, but that there was no jurisdiction over the request to create a damage fund on behalf of the class of similarly situated debtors. *Id.* at 64. The Court stated "while this Court certainly has core jurisdiction to enforce the provisions of the Bankruptcy Code and to consider a remedy sought by the Debtor for herself if she were harmed by abuse of the reaffirmation process, it is not necessary to do so or permitted that this Court be the forum for recovery of money that would not be part of the bankruptcy estate or of this Debtor. Indeed, such claims do not arise in or relate to this bankruptcy estate, even though the legal issues presented arise under the Bankruptcy Code." *Id.*

This Court respectfully disagrees with the jurisdictional ruling in *Wiley*.[6] When core jurisdiction exists over the substantive legal issues raised in the complaint with respect to all members of the class, this jurisdiction is not lost simply because the relief sought is damages. This is particularly true when the right to recover damages is expressly authorized in § 362(h) and is itself a core substan-

---

**6.** The ruling in *Wiley* recognized that there were several other bases for limiting the class action to non-monetary, injunctive relief which were not premised on jurisdictional grounds. For example, *Wiley* held that there was no common question of law and fact on the issue of damages as required by Fed.R.Civ.P. 23(a)(2). *Id.* at 75. Thus, the class could not be certified for the damages count of the complaint. *Wiley* also held that the class certification would be granted under Rule 23(b)(2) which requires some action by the party opposing the class which makes "appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." *Id.* at 78–79. Although a class action

certified under Rule 23(b)(2) may include actions which seek monetary damages, this subsection generally does not extend to causes of action where the appropriate final relief relates exclusively or predominately to money damages. Thus, the court refused to certify the damage issue under this category of class action. The court also ruled that damages were not warranted when the debtor voluntarily made repayments pursuant to the reaffirmation agreement even though the agreement was invalid. *Id.* at 71. Thus, although *Wiley* states that it lacked jurisdiction, that court found several alternative grounds for denying the damages requested on behalf of the class.

tive right granted to debtors under the Bankruptcy Code. Furthermore, the automatic stay issues before the Court remain the same whether the complaint requests an award of damages or a declaratory judgment. The request for damages under § 362(h) creates an additional element which must be proven under the cause of action alleged, but it does not convert core issues regarding violations of the stay into non-core matters.

The Court must find subject matter jurisdiction before it even begins to apply the Rule 23 class action procedural requirements. This Court has core subject matter jurisdiction to hear the damage request for alleged violations of the automatic stay on behalf of the class of debtors. Whether damages are an appropriate remedy for the class and whether the class as alleged can be certified, however, are issues separate and distinct from jurisdiction. In many instances, a court may have jurisdiction and yet not grant the relief requested. *In re American Hardwoods, Inc.*, 885 F.2d 621, 623 (9th Cir. 1989).

### 3. The District Court Has Held As the Law of the Case That The Bankruptcy Court Is the Appropriate Forum for This Dispute.

 Judge Lindberg of the District Court entered an Minute Order Dated April 14, 1998, on Providian's motion for referral which expressly referred the pending complaint to this Court for resolution. In ruling on this matter, the Court had before it the argument that the bankruptcy court lacked jurisdiction to hear this class action dispute.[7] The April 14, 1998 Order acknowledges the class action nature of the complaint, notes that the complaint raises a cause of action grounded in bankruptcy law, cites to General Rule 2.33, and finds that the matter should be transferred to this Court. This ruling therefore establishes that the class action allegations in the complaint are properly before this Court as the law of the case.

 The law of the case doctrine is based on the premise that a decision made at one stage of a proceeding should continue to govern the same issues in subsequent stages of the same proceeding. *In re Memorial Estates, Inc.*, 950 F.2d 1364, 1367 (7th Cir. 1991), *cert. denied* 504 U.S. 986, 112 S.Ct. 2969, 119 L.Ed.2d 589 (1992). It applies to issues that were decided either expressly or by necessary implication, unless there are unusual or compelling circumstances which mandate otherwise. *Id.; In re JMP–Newcor International, Inc.*, 225 B.R. 457, 462 n. 6 (Bankr.N.D.Ill.1998); *In re Martin*, 142 B.R. 260, 264 (Bankr.N.D.Ill.1992).

It is disingenuous for Providian, having sought referral to the Bankruptcy Court, to now assert that this Court lacks the inherent jurisdiction to hear the matter. This issue was already considered by the District Court in its decision to refer the case to this Court.

### C. SUBJECT MATTER JURISDICTION EXISTS ON BEHALF OF CLASS MEMBERS WHOSE CASES HAVE BEEN CLOSED

 The class of debtors which the complaint seeks to certify consists of all natural persons filing for bankruptcy who received a threatening letter from Providian and who meet certain other criteria. This class may encompass members whose bankruptcy cases have been closed prior to the filing of the instant complaint. In fact, the Debtor–Plaintiff's case had been closed and was reopened by order of this Court upon the Debtor's request. Providian suggests that this Court is precluded from exercising jurisdiction over class members once their cases have been closed.

 Numerous courts have held that the closing of a bankruptcy case does not affect the court's jurisdiction to determine matters relevant to the case. *See, e.g., In re Taylor*, 216 B.R. 515 (Bankr.E.D.Pa.1998) citing *Matter of Statistical Tabulating Corp., Inc.*, 60 F.3d 1286 (7th Cir.1995), *cert. denied sub*

---

**7.** Ironically, in the District Court proceeding the posture of the parties was reversed in that the Debtor sought to have the case remain before Judge Lindberg and raised the argument that the bankruptcy court might not have jurisdiction over this matter while Providian sought referral and argued that bankruptcy courts can hear class actions and that automatic stay violations are core issues. *See* various briefs filed with District Court regarding motion to dismiss or for referral.

*nom. LaSalle Bank Lake View v. United States,* 516 U.S. 1093, 116 S.Ct. 815, 133 L.Ed.2d 759 (1996); *In re Germaine,* 152 B.R. 619, 624 (9th Cir. BAP 1993); and *Koehler v. Grant,* 213 B.R. 567, 569–70 (8th Cir. BAP 1997). "The Bankruptcy Court will retain jurisdiction to hear matters in a case which has been closed when the party is claiming a specific right or remedy created by a substantive provision of the Bankruptcy Code." *In re Walker,* 198 B.R. 476, 482 (Bankr.E.D.Va.1996); *In re Winebrenner,* 170 B.R. 878, 881 (Bankr.E.D.Va.1994); *In re Churchfield Management & Investment Corp.,* 122 B.R. 76, 81 (Bankr.N.D.Ill.1990)(Schmetterer, J.); *In re Jandel,* 8 B.R. 855, 857 (Bankr.S.D.Ohio 1981).

■ The fact that such a case has not been reopened is of no legal significance. The reopening of a case is not a jurisdictional requirement. *In re Leach,* 194 B.R. 812, 815 (E.D.Mich.1996); *In re Germaine,* 152 B.R. 619, 624 (9th Cir. BAP 1993). Although there is some limited authority to the contrary, *see In re Dawson,* 98 B.R. 519 (Bankr. D.Ore.1989), the majority view would find that subject matter jurisdiction exists to hear class allegations on behalf of debtors whose cases were closed at the time of the filing of the instant complaint. Thus, even though the cases of some class members may be closed, this Court has subject matter jurisdiction to hear the core matters raised in the class complaint.

### D. JURISDICTION MAY BE EXERCISED OVER ALL MEMBERS OF NATIONWIDE CLASS OF DEBTORS CERTIFIED UNDER RULE 23(b)(3) AND ( c) OPT–OUT PROVISIONS

■ Providian also suggests it is improper for this Court to certify a class of debtors whose cases are pending in other jurisdictions and who have not consented to appear before the Bankruptcy Court in the Northern District of Illinois. Federal Rule of Bankruptcy Procedure 7004(d) and (f) provide for nationwide service of process to establish personal jurisdiction in accordance with federal law. Thus, unless there are other statutory or constitutional limitations, this Court could exercise personal jurisdiction over a nationwide class of debtors.

In the context of a class of defendants, there are certainly significant procedural and due process concerns regarding the exercise of personal jurisdiction through a class action. A class of plaintiffs who will be given the right to opt-out of participation in the class, however, has no such due process limitations. The Supreme Court has held in *Phillips Petroleum Co. v. Shutts,* 472 U.S. 797, 105 S.Ct. 2965, 86 L.Ed.2d 628 (1985), that it is not necessary for every class member to have minimum contacts with a forum to find sufficient jurisdiction over absent class members for a final judgment binding on all members of the class. The opt-out and notice provisions of Rule 23(b) and ( c) provide adequate safeguards for known class members. As discussed in a subsequent section herein, Rule 23(b)(3) is the only category under which class certification could be properly sought and thus there would be no bar to this Court's exercise of personal jurisdiction over a class of known debtors who had filed their bankruptcy cases in other jurisdictions.

### IV. APPLICATION OF FEDERAL RULE OF CIVIL PROCEDURE 23 GOVERNING CLASS ACTIONS

### A. PRIMA FACIE CASE UNDER 11 U.S.C. § 362(h) ON BEHALF OF THE PROPOSED CLASS OF DEBTORS

#### 1. Elements of Prima Facie Case Under § 362(h)

■ The adversary complaint in this case is premised on a violation of the automatic stay provisions of 11 U.S.C. § 362. Section 362(a)(6) prohibits any act to collect, assess or recover a claim against the debtor that arose before the commencement of the case under this title. Subsection (h) further provides that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorney's fees, and in appropriate circumstances, may recover punitive damages." Thus, there are two components to a cause of action under § 362(h). The

first is proof of a violation of the stay and the second is entitlement to compensation. In order to be entitled to compensation, the debtor must show that the violation was wilful and that she sustained actual damages as a result.

■ The purpose of the automatic stay is "to benefit a debtor by preventing harassment and frustration of rehabilitation efforts through pursuit by creditors in individual actions." *Matthews v. Rosene,* 739 F.2d 249, 251 (7th Cir.1984). This benefit, however, must be balanced and applied in conjunction with the debtor's right to reaffirm a debt pursuant to 11 U.S.C. § 524(c). Creditors must be free to communicate with a debtor regarding a proposed reaffirmation if this provision is to have any meaning. *In re Duke,* 79 F.3d 43 (7th Cir.1996). Thus, a letter from a creditor to the debtor offering to reaffirm a pre-petition debt will not be deemed a violation of the automatic stay unless it includes coercive and threatening language. As long as there is no intimation of unfavorable action or prejudicial consequences for not accepting the offer to reaffirm, the creditor is free to make such an offer to the debtor. *Id.* It may offer certain benefits to be obtained by a successful reaffirmation, but it cannot threaten to impose a penalty for failure to do so.

In this case, the Debtor's prima facie case on behalf of the class under 11 U.S.C. § 362(a) and (h) would require a showing that Providian sought payment on its prepetition debt via reaffirmation in a coercive and threatening manner and that class members incurred actual damages as a result of this conduct. The Debtor is asserting that Providian's form letter was threatening and coercive. The letter stated

"It is our belief that, due to the amounts and timing of these charges, you did not have the ability or the intent to repay this debt at the time the charges were made. As you know, the object of a Chapter 7 bankruptcy petition is to effect a discharge of most of the debts listed on the bankruptcy schedules. However, we can file a complaint with the court objecting to discharge of our debt if we believe that the debt was incurred through false pretenses, false representations, or actual fraud as defined in the Bankruptcy Code 11 U.S.C. § 523(a)(2). If we are able to show that you did not have the intent to repay our debt at the time the charges were made we may be able to obtain a fraud judgment against you. Your request to discharge our debt may then be denied entirely, meaning that you would have to repay all or a portion of the amount to which we objected. A fraud judgment can have many negative implications in addition to your obligations to pay the entire amount of the judgment. We do not wish to file a complaint to determine dischargeability of this debt unless necessary and we think it would be in the best interest of all concerned to avoid disputing this matter in court. We propose that you enter into a Reaffirmation Agreement as a means of compromising this matter."

This language appears to threaten the Debtor with dischargeability litigation unless a reaffirmation agreement is signed. If the Court finds this language to be threatening, it could conclude that the use of such form letters constituted a wilful violation of the automatic stay in the case of every debtor who received it.

The proposed class of debtors is defined as persons who filed bankruptcy who received the form letter in question from Providian either directly or through their attorney when Providian did not in fact file a nondischargeability complaint against them and did not conduct a Rule 2004 examination prior to sending the form letter. The class excludes those debtors where Providian may have been justified, upon a reasonable investigation, in discussing the issue of nondischargeability and settlement options via reaffirmation.

### 2. *Damages Under § 362(h) In the Proposed Class Definition*

■ As part of her prima facie case, in order to be entitled to damages, the Debtor–Plaintiff must show she incurred "actual

damages" as a result of Providian's conduct.[8] The proposed class of debtors, however, does not incorporate this actual damage requirement. By definition then, it might include persons who did not in fact sustain any injury and would not be entitled to recover any damages. It might also include persons with various types and amounts of damages.

The proposed class is overly broad in that it is not restricted to class members who suffered actual damages in some form or another. Persons who received a letter from Providian, but who sustained no damage as a result thereof, have no cause of action under § 362(h). They must be excluded from the class. The class, as currently defined, does not properly assert a cause of action under § 362(h). The failure to require injury in the class parameters is a fatal defect. Therefore, this Court must grant the motion to strike the class allegations.

Furthermore, even if the class definition were amended to remedy this defect, the Court could not certify the proposed class in this cause of action. The requirement of actual damage under 11 U.S.C. § 362(h) creates several additional problems in certification of the proposed class. For example, is emotional distress the type of injury that is allowable as an actual damage under § 362(h)? Assuming it is, can the Debtor adequately represent class members who suffered other types of injuries? Can the court properly determine such varying injuries and the resulting damages in the class context?

## B. STANDARDS FOR CLASS CERTIFICATION

### 1. Intended Purpose of Rule 23 Class Actions

■■■■■ Historically, class actions were used in English chancery courts as matter of convenience for resolving disputes where joinder of all parties was not possible. Federal Rule of Civil Procedure 23 builds upon this practice to authorize class actions in the interest of judicial economy and efficiency. One of the primary purposes of Rule 23 governing class actions is to spread litigation costs and afford individual claimants with small claims access to judicial relief that would otherwise be economically unavailable to them. "Where it is not economically feasible to obtain relief within the traditional framework of a multiplicity of small individual suits for damages, aggrieved persons may be without effective redress unless they may employ the class action device." *Deposit Guaranty National Bank v. Roper*, 445 U.S. 326, 339, 100 S.Ct. 1166, 1174, 63 L.Ed.2d 427 (1980). Thus, Rule 23 is designed to facilitate the use of class actions as a form of "private attorney general" vindication of legal rights. *Id.* See also *Newberg on Class Actions* § 1.06 (3d Ed.1992). In this sense, the class action is a means of enforcement or deterrence which might not otherwise exist for individuals with small claims. *American Reserve*, 840 F.2d 487, 489 (7th Cir.1988).

The private attorney general function of Fed.R.Civ.P. 23 supports the exercise of bankruptcy jurisdiction in this proceeding. The alleged violations of the automatic stay in this class action arguably constitute an abuse of the bankruptcy system on a widespread scale. The Debtor–Plaintiff alleges that the class members likely hold small claims which could not be economically litigated on an individual basis and thus Providian's conduct intimidated class members into signing a reaffirmation agreement. These allegations, if true, would support the use of the private attorney general concept for the vindication of the class members right's in this case.

■■■■ The Debtor–Plaintiff, however, must also show that the requirements of Rule 23 are satisfied, not just that the nature of the case appears to fall within the intended scope of the rule. Federal Rule of Civil Procedure Rule 23(a) provides as follows:

*One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of*

---

**8.** The Debtor alleges that she suffered damages in the form of emotional distress caused by the receipt of Providian's letter. This is the only damage the Debtor claims and she readily admits that she has not incurred any out-of-pocket loss or attorney's fees in connection with this matter. She also admits that she did not seek treatment or counseling in any form for this distress.

*law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.*

These four elements set forth the basic tests for maintaining a class action. Once these elements are satisfied, however, the class proponent must still demonstrate that the class device is an appropriate mechanism for resolving the dispute by satisfying one or more of the requirements of Rule 23(b).

Subsection (b) requires that:

*(1) the prosecution of separate actions by or against individual members of the class would create a risk of*

> *(A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or*

> *(B) adjudication with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or*

*(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or*

*(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interests of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and the nature of any litigation concerning the controversy already commenced by or against members of the class; ( C) the desirability or undesirability of concentrating the litigation of the claims in a particular forum; (D) the difficulties like-*

*ly to be encountered in the management of a class action.*

 In general, the class certification should be made as soon as practicable after the commencement of the action. Fed. R.Civ.P. 23(c). For the purposes of considering a motion for class certification, the substantive allegations of the complaint are generally assumed to be true. *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 178, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974); *Roots Partnership v. Lands' End, Inc.,* 965 F.2d 1411, 1416 (7th Cir.1992); *Rohlfing v. Manor Care, Inc.,* 172 F.R.D. 330, 333 n. 3 (N.D.Ill.1997). Furthermore, the class determination must be made before any dispositive ruling on the merits is made. *Koch v. Stanard,* 962 F.2d 605, 607 (7th Cir.1992). The court should not consider the merits of the claim as part of the certification analysis, but sometimes in order to apply Rule 23 it is necessary to determine the nature of applicable law. *In re Wiley,* 224 B.R. at 74 (citations omitted).

 The court has an independent duty to scrutinize the appropriateness of class certification and is not limited solely to arguments raised by the party opposing certification. *In re General Motors Corp. Engine Interchange Litigation,* 594 F.2d 1106, 1124 (7th Cir.1979), *cert. denied* 444 U.S. 870, 100 S.Ct. 146, 62 L.Ed.2d 95 (1980); *Gammon v. GC Services Ltd. Partnership,* 162 F.R.D. 313, 317 n. 4 (N.D.Ill.1995). The burden of proof is on the class proponent to show that the requirements for class certification are satisfied. *Retired Chicago Police Association v. City of Chicago,* 7 F.3d 584, 596 (7th Cir.1993); *cert. denied* 519 U.S. 932, 117 S.Ct. 305, 136 L.Ed.2d 222 (1996).

 Applying these standards, the Court finds that certification of the proposed class is improper even if it were limited to class members alleging actual damages under § 362(h). The Debtor has failed to establish (1) numerosity, (2) commonality in the issue of actual damages, and (3) typicality in the claims of this Debtor and the claims of class members with other types of damages. Furthermore, this alleged class action does not fall within any of the categories of authorized by Rule 23(b). A class action is therefore

not an appropriate mechanism for the resolution of this dispute.

## C. ELEMENTS UNDER RULE 23(a)

In its objection to certification,[9] Providian argues that (1) the Debtor–Plaintiff is an inadequate class representative because she suffered no money damages and is suing as a matter of principle; (2) the Debtor–Plaintiff's alleged injury of emotional distress is not typical of the putative class; (3) the class is not defined to represent members sustaining emotional distress and such a class would be inappropriate since individual issues would predominate; and (4) the Debtor–Plaintiff has not established numerosity on behalf of the class since the only class she could represent would be one sustaining emotional distress and there are no allegations that other class members sustained such an injury.

### 1. Numerosity

 With respect to the element of numerosity, certification is only appropriate where the class is so numerous that joinder of all members is impracticable. Fed. R.Civ.P. 23(a)(1). This requires some evidence or reasonable estimate of the number of class members. A good faith estimate is sufficient to establish numerosity when the precise number of class members cannot be determined. *Buycks–Roberson v. Citibank Federal Savings Bank*, 162 F.R.D. 322, 329 (N.D.Ill.1995). Mere allegations of numerosity and speculation as to class size, however, are not sufficient. *Marcial v. Coronet Ins. Co.*, 122 F.R.D. 529, 531 (N.D.Ill.1988), *aff'd* 880 F.2d 954 (7th Cir.1989). A plaintiff cannot establish numerosity without showing that some other person besides himself is similarly situated. *In re Smith*, 151 B.R. 870 (N.D.Ill.1993).

 In evaluating numerosity, the court may make common sense assumptions regarding class size. *Evans v. United States Pipe & Foundry*, 696 F.2d 925, 930 (11th Cir.1983); *Patrykus v. Gomilla*, 121 F.R.D. 357, 360–61 (N.D.Ill.1988)(citing *Grossman v. Waste Management*, 100 F.R.D. 781, 785

(N.D.Ill.1984)). Where the exact class size is unknown, but it is general knowledge or common sense that it is large, the court may take judicial notice of this fact and assume that joinder is impracticable. 2 *Newberg on Class Actions* § 7.22.A (3d ed.1992); *In re Wiley*, 224 B.R. 58, 75 (Bankr.N.D.Ill.1998)(assuming numerosity based on the use of form reaffirmations and the sheer number of cases in which the defendant was a creditor). Such assumptions are particularly reasonable when dealing with form contracts and letters. *Swiggett v. Watson*, 441 F.Supp. 254, 256 (D.Del.1977).

In this case, the Debtor has alleged that Providian and its affiliates are the thirteenth largest issuers of credit cards in the United States; that it intentionally targets riskier customers so that a disproportionate numbers of its customers file for bankruptcy protection; that it used a form letter to coerce customers who filed a bankruptcy petition to enter into a reaffirmation agreement; that the letter was used as part of its regular policies and practices; that a large number of such letters were sent to persons within the Northern District of Illinois; and that the class of debtors subjected to this conduct is so numerous that joinder of all members is impracticable. In its motion for class certification the Debtor estimates that Providian is a creditor in approximately 38,000 bankruptcies annually and that if the form letter at issue here was used in even one-tenth of these cases, numerosity would easily be established.

The Debtor, however, has not identified by name any other similarly situated person and has offered no justification for the failure to do so. Nor has she provided any basis for the Court to adopt the one-tenth estimate noted above. She has not asserted that the class members are unknown and cannot be identified through reasonable discovery. Providian certainly should be able to identify the other debtors to whom it sent the form letter. It has not denied using the letter as a collection tool and has not disputed numerosity by arguing that only a very small number

9. The Debtor filed a motion for certification of the class before the District Court. Providian filed a memorandum of law objecting to this motion on numerous grounds. These pleadings, along with all other pending matters, were referred to this Court by the District Court.

of letters were sent. Thus, it would seem that numerosity, at least in terms of the number of letters sent, would ultimately be found to exist.[10] It has not, however, been established at this point. The Court cannot conclude that there are numerous similarly situated class members making joinder impracticable. Furthermore, the only class the Debtor could represent would be one sustaining emotional distress similar to the injury she is alleging and there are no allegations in the complaint that any other class members sustained such an injury. Thus, there is no showing of numerosity in terms of class members claiming emotional distress.

## 2. Commonality

■■■■ The next element required under Rule 23(a) is a commonality of issues among the questions presented. Commonality requires some common question of law or fact and a finding that a common core of questions will persist. It does not, however, require an absolute identity of factual patterns among the class. *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir.1992); *Penn v. San Juan Hospital, Inc.*, 528 F.2d 1181, 1189 (10th Cir.1975); *Watts*, 76 B.R. at 398–399. Variations with respect to individual class members are allowed so long as there is some aspect of the claim which is common to all class members. *Gomez v. Illinois State Board of Education*, 117 F.R.D. 394, 399 (N.D.Ill.1987). For example, class certification to resolve a common legal issue may be appropriate even though the calculation of the claimants' damages must be done individually. *Patrykus*, 121 F.R.D. 357, 361 (N.D.Ill.1988); *Franklin v. City of Chicago*, 102 F.R.D. 944, 949 (N.D.Ill.1984); *Fleet*, 76 B.R. 1001, 1009 (Bankr.E.D.Pa.1987). Where a question of law refers to standardized conduct by the defendant toward the class, a common nucleus of operative facts is typically presented and the element of commonality is satisfied despite differences in individual damages. *Franklin*, 102 F.R.D. at 949–950.

In this case, there are several common questions of law to be determined which relate to the standardized conduct of Providian. In particular, the Court must determine whether Providian's actions in sending a form letter to bankrupt customers regarding dischargeability of their debt and a reaffirmation agreement violated the automatic stay. This analysis will be the same for all class members and will require the Court to examine whether Providian had a standard policy of sending threatening letters to bankrupt debtors. Thus, there is commonality with respect to the legal issue of violation of the stay.

There is no commonality, however, in the issue of compensation for actual damage under § 362(h). There will be too many variations in the claims for the Court to make a class determination of this matter. There will be individual variations in the questions presented regarding the existence of, the amount of, and the type of actual, compensatory damages sustained by class members.[11] For example, some letter recipients may claim no damage, some may claim attorney's fees incurred in responding to the letter, some may seek to recover payments made under invalid reaffirmation agreements, some (like the Debtor–Plaintiff) may claim emotional distress, and still others may claim some combination of such damages. Thus, the Court must determine on behalf of each class member whether they actually entered into a reaffirmation agreement, made payments under that agreement, incurred attorneys's fees in responding to the form letter, or sustained some other actual damage for which they should be compensated. These

---

10. The Seventh Circuit has recognized that numerosity issues ordinarily can be corrected and resolved as the case proceeds. *Marcial*, 880 F.2d at 957 (citing *Vergara v. Hampton*, 581 F.2d 1281, 1284 (7th Cir.1978)). In this case, once the letter recipients were identified by Providian and given notice of the action, the class membership must be restricted to those who claim to have sustained actual damage by Providian. Numerosity could only be evaluated at that time.

11. The issue of punitive damages will focus on the willfulness of Providian's conduct in sending the form letters. The questions presented will, therefore, be common as to all class members. Arguably, there may be an issue as to allocation and division of any punitive damages awarded to the class if Providian's conduct was somehow more willful with respect to some class members.

factual differences preclude a class determination of the issues involved.

 As long as the other requirements of Rule 23 are met, the need to determine individual damages will not mandate a finding that there is no commonality among the class claims. In this case, however, we do not deal with the common law remedies that may exist as a redress for wrongdoing. The alleged wrongdoing here exists only under 11 U.S.C. § 362. Actual damage is a statutory element of this cause of action under subsection (h). It is not just a mathematical question to be resolved after liability has been found. The element of damages will require a detailed examination of the facts surrounding each class member's response to Providian's letter. These individual factual issues are so pervasive in this case that they preclude a finding of commonality under Rule 23(a)(2).

### 3. Typicality

 Rule 23(a) also requires that the claims of the representative party be typical of the claims of the class. A claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and is based on the same legal theory. *Retired Chicago Police Ass'n,* 7 F.3d at 596–597. As with commonality, the element of typicality may be satisfied even if there are factual distinctions between the claims of the representative and the other class members. *Id.; De La Fuente v. Stokely–Van Camp, Inc.,* 713 F.2d 225, 232 (7th Cir.1983). *See also Penn v. San Juan Hospital, Inc.,* 528 F.2d 1181, 1189 (10th Cir.1975). "Rule 23(a)(3) does not require that each member of the class suffer precisely the same injury as the named class representatives." 713 F.2d 225, 232–233 (7th Cir.1983). The named plaintiffs' claims, however, must necessarily establish the bulk of the elements of each class member's claims to be considered typical.

In this case, Providian allegedly used a form letter in violation of the automatic stay. The class members have all allegedly been injured by this same practice and course of conduct and their claims are based on the same legal theory as the Debtor–Plaintiff's.[12] The elements required to prove a violation of the stay on behalf of the class will, therefore, be established by proof of the Debtor–Plaintiff's claim.

The statutory element of actual damage under § 362(h), however, will not be so established. The actual damage of emotional distress alleged by the Debtor–Plaintiff may be substantially different from that claimed by other class members. As noted previously, there are several possible types of injuries that may be asserted, including attorney's fees, reaffirmation payments, emotional distress, or some combination thereof. The Debtor–Plaintiff's claims would not be typical of any damages other than those for emotional distress. Thus, the proposed class does not satisfy the requirement of typicality under Rule 23(a)(3).

### 4. Adequacy of Representation

 Adequacy of representation in the class action context looks at two components—the adequacy of counsel and the adequacy of the class proponent. The plaintiff's attorney must be qualified, experienced and generally able to conduct the proposed litigation. *Retired Chicago Police Ass'n,* 7 F.3d at 598. Competency and qualification may be established through the prior representation of plaintiffs in other class actions and a thorough understanding of the case. *Gammon v. GC Services Ltd. Partnership,* 162 F.R.D. 313, 319 (N.D.Ill.1995); *Wiley,* 224 B.R. at 76.

Edelman and Combs, counsel for the plaintiff in this case, meet these requirements.

---

**12.** Providian notes that it took various actions with respect to the class members "in resolving the issues addressed by the letter, including filing a suit to challenge dischargeability, obtaining reaffirmation of the debt, collecting under the reaffirmation, analyzing additional material provided by the debtor regarding the debt, and deciding to not challenge the debt any further." *See* Providian's Memorandum of Law in Opposition to Certification, p. 13. It argues that these factual differences preclude a finding of typicality. These various actions, however, took place after the letters were sent. Thus, they simply are not relevant to the issue of whether the policy of sending the form letters violated the automatic stay.

They have extensive experience in class action matters and have represented other debtors in asserting class actions before various bankruptcy courts. As stated by Judge Schmetterer in *Wiley,* a case where Edelman served as class counsel, the firm "has significant experience with class actions" and "objections regarding the adequacy of class counsel are unfounded." *Id.* at 77.

 With respect to the adequacy of the class representative, the Court must find that she will protect the different, separate and distinct interests of the class members and does not have interests antagonistic to those of the class. *Retired Chicago Police Ass'n,* 7 F.3d at 598; *Rosario v. Livaditis,* 963 F.2d at 1018. The class representative must evidence an interest in the lawsuit, but need not hold any specialized legal knowledge concerning the litigation. Some minimal knowledge of the basic facts of the lawsuit, general knowledge and participation in discovery matters will suffice to demonstrate the necessary interest. *Gammon,* 162 F.R.D. at 318; *In re Discovery Zone Securities Litigation,* 169 F.R.D. 104, 109 (N.D.Ill. 1996).

There has been no showing as to why the Debtor in this case is not an adequate representative of the class. She has apparently participated in some limited discovery by answering interrogatories and has evidenced an interest in and a general understanding of the case by cooperating with counsel and filing pleadings in the case. Providian, however, argues that because the Debtor–Plaintiff has not incurred any monetary damages, she may have an interest antagonistic to the class members who suffered monetary injuries and she cannot adequately represent

them. Providian cites *Perovich v. Humphrey,* 1997 WL 674975 (N.D.Ill.1997)(Zagel, J.), for the proposition that a class representative who has not shown a monetary injury and who is arguably bringing the action as matter of principle may not adequately represent the interests of class members who incurred monetary damages.

*Perovich,* however, holds that a class representative who has shown "no particular desire to obtain monetary relief" may have an interest in conflict with those claiming monetary damages. *Id.* at *5. In the instant case, the Debtor–Plaintiff is seeking monetary relief consisting of compensatory and punitive damages on behalf of herself and the entire class. The mere fact that her compensatory damages may be based on emotional distress rather than an actual out-of-pocket cost should not render her interest in obtaining damages antagonistic to the remainder of the class. Assuming she can prove that an actual injury was suffered, her interests and the interests of the class will be best served by maximizing their claims for compensatory and punitive damages. Thus, the Debtor is an adequate representative on behalf of the proposed class. The other elements of Rule 23(a), however, are not present and the class cannot certified on the basis of adequate representation alone.

### D. TYPE OF ACTION TO BE CERTIFIED UNDER RULE 23(b)

 Even if the Court found that the four elements in Rule 23(a) were present, it could not certify the class. Rule 23 requires the class proponent to also show that the action falls under at least one of the categories set forth in subsection (b).[13] The adver-

---

**13.** Subsection (b) requires that:
(1) the prosecution of separate actions by or against individual members of the class would create a risk of
 (A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or
 (B) adjudication with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or

(2) the party opposing the class has acted or refused to act on ground s generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or
(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interests of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and

sary complaint in this proceeding fails to specify which provision of Rule 23(b) it relies upon. Upon analyzing all three, the Court finds that certification would not be proper under any of these provisions.

### 1. Rule 23(b)(1)(A) and (B)

■ Subsection (b)(1), relating to the risk of inconsistent standards of conduct for the defendant or an impairment of objecting class members rights if separate proceedings are allowed to go forward, is not applicable to the instant complaint. This category of class action applies to "cases where the party is obligated by law to treat all members of the class alike (a utility acting towards customers; a government imposing a tax) or where the party must treat all alike as a matter of practical necessity (a riparian owner using water as against down river owners)." *Amchem Products Inc., v. Windsor,* 521 U.S. 591, 117 S.Ct. 2231, 2245 (1997). It also encompasses limited fund cases, "instances in which numerous persons make claims against a fund insufficient to satisfy all claims." *Id.*

There has been no allegation of such a risk to Providian if the class members pursued their rights individually. The cause of action against Providian relies upon a uniform, federal law which should produce consistent results in all jurisdictions even if not handled as a class action matter. Furthermore, as noted in the statement of facts herein, it appears that Providian no longer engages in the conduct complained of. Also, there has been no allegation that allowing each debtor to proceed individually would as a practical matter be dispositive of other class members rights or would impede or impair their ability to protect their interests. Thus certification under subsection (b)(1) would not be appropriate.

### 2. Rule 23(b)(2)

■ Subsection (b)(2) applies to cases where a party has taken action or refused to do so with respect to the class and final relief of an injunctive nature or of a corresponding declaratory nature, settling the legality of the behavior with respect to the class as a whole, is appropriate. Civil rights cases against parties charged with unlawful discrimination are prime examples. *Amchem,* 521 U.S. at ——, 117 S.Ct. at 2245. This category of class action does not extend to cases where the appropriate final relief relates exclusively or predominately to money damages. *Gammon,* 162 F.R.D. at 319. A request for money damages which is incidental to the injunctive relief, however, will not invalidate the request for certification under subsection (b). *Buycks–Roberson v. Citibank,* 162 F.R.D. 322, 335 (N.D.Ill.1995); *Coggin,* 155 B.R. at 940 (citations omitted).

Applying this provision to the instant case, the request for compensatory and punitive damages as the sole relief sought in the complaint would seem to preclude certification under subsection (b). The request for damages is not merely incidental or ancillary to a primary request for final injunctive or declaratory relief. Declaratory relief in the form of a pronouncement that Providian's conduct violated the automatic stay, coupled with a permanent injunction against future violations, might very well be an appropriate final remedy with respect to existing class members and future bankruptcy debtors similarly situated. Providian, however, has apparently ceased its use the form letter complained of and altered its procedures regarding reaffirmations and non-dischargeability issues. Thus, injunctive relief prohibiting the use of the form letter is no longer required and certification under Rule 23(b)(2) would not be proper.

### 3. Rule 23(b)(3)

■ Subsection (b)(3) applies to cases where class action treatment would be convenient and desirable under the particular facts in that it would achieve economies of time, effort and expense and would promote uniformity as to persons similarly situated without sacrificing procedural fairness or bringing about other undesirable results. It is

---

the nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of

the claims in a particular forum; (D) the difficulties likely to be encountered in the management of a class action.

aimed at the vindication of the rights of groups of people who individually would be without effective strength to bring their opponents into court at all. *Amchem,* 521 U.S. at —, 117 S.Ct. at 2246. It is designed to secure judgments binding on all class members save those who affirmatively elect to be excluded. *Id.* at —, 117 S.Ct. at 2245.

To certify a class under this subsection, the Court must find that (1) the questions common to the class predominate over the questions affecting individual members and (2) the class action is superior to other procedural methods of resolution. In making the finding of superiority, the Court should consider the following non-exhaustive factors: (a) the interests of individual members of the class in controlling their own litigation; (b) the nature and extent of any litigation already commenced by or against members of the class; (c) the desirability of concentrating the claims in a particular forum; and (d) the difficulties likely to be encountered in the management of a class action. Fed.R.Civ.P. 23(b)(3)(A)–(D).

Applying these standards to the instant case, the Court finds that certification under subsection (b)(3) would not be appropriate. The common questions relating to violation of the stay with respect to the class do not predominate over the individual issues of actual damages. Economies of time, effort, and expense, as well as uniformity, would not be served by a class determination that Providian violated the automatic stay because the Court must go on to individually determine whether each class member sustained an actual injury. It must examine whether there were out-of-pocket costs incurred, whether a reaffirmation occurred, and whether there was any emotional distress suffered. These factual issues would predominate over the common question of whether there was a technical violation of the stay.

The Debtor–Plaintiff attempts to avoid the assessment of individual damages by seeking an award of damages based on the average harm suffered by a letter recipient. She suggests that class members asserting any special or consequential damages could opt-out of class participation to protect their rights. The Court finds no basis for handling damages in this fashion. Section 362(h) requires actual damages and the Court cannot impute and award "average" damages under this provision. Therefore, certification of the class cause of action under Rule 23(b)(3) would not be proper.

Under Rule 23(b)(3) the Court must also find that the class action is superior to other available procedural mechanisms. In this case, there is likely to be very little interest of individual class members in controlling their own litigation. The amount at stake for each member is likely to be small and the legal fees associated with separate proceedings may exceed the amount of the underlying debt to Providian. The Court is not aware of any other pending litigation involving these issues and it would seem to be a greater burden for Providian to respond to multiple individual suits than to have liability determined in a single action. Likewise, the Court is not aware of any reasons why it would be undesirable to concentrate the litigation in a single forum where the law to be applied is a uniform federal statute which should be consistently applied by the bankruptcy courts and district courts around the nation. Lastly, there do not appear to be any overwhelming issues of management foreseeable at this time such as might arise in a mass tort with both current injuries and numerous unknown claimants who have not yet exhibited any injury. Therefore, the Court finds that the class action would likely be a superior mechanism for resolution of this dispute. Certification of the class, however, must be denied for the other reasons stated herein.

### III. CONCLUSION

The proposed class definition fails to state a cause of action under § 362(h) in that it fails to require class members to allege an actual injury. Even if this defect were remedied, certification of the class would not be proper. The Debtor–Plaintiff has failed to demonstrate the Rule 23(a) class action elements of numerosity, commonality and typicality. Furthermore, even assuming these elements were present, the cause of action cannot be certified under Rule 23(b). Subsections (b)(1) and (b)(2) clearly do not

apply to this complaint. Likewise, subsection (b)(3) does not allow certification of this action because the individual variations in the issue of damages will predominate over any common question of whether a violation of the stay occurred. It is therefore ordered that the Motion to Strike the Class Allegations is granted.